58235. THORNTON v. BURSON et al.

CARLEY, Judge.

Appellant-Thornton appeals from an order of the trial court, made pursuant to Code Ann. § 81A-137, striking his answer and entering a default judgment against him for failure to answer appellees' interrogatories.

1. Appellees move to dismiss this appeal for failure of appellant to comply with an order of the trial court

requiring a supersedeas bond to be filed. The motion to dismiss is denied. "Failure of the appealing party to file a supersedeas bond simply means that the judgment of the trial court may be enforced and is no ground for dismissing the appeal. [Cits.]" *Crymes v. Crymes,* 240 Ga. 721 (242 SE2d 30) (1978).

2. Suit was filed in the instant case to recover damages which allegedly resulted from appellant's repair of appellees' car. Thereafter, appellees filed their interrogatories for appellant's response. Two of the interrogatories inquired as to the existence of appellant's prior involvement in similar disputes and whether such disputes had resulted in litigation. If the response to these interrogatories were in the affirmative, appellant was requested further to provide details. Appellant's answers to the interrogatories were filed and indicated the existence of three prior similar disputes and an involvement in three prior instances of litigation. As to the request for details, appellant responded only that "[i]nformation will be supplied at a later date." However, in the ensuing months no additional information was forthcoming. Appellees thereupon filed a motion to compel discovery, pursuant to Code Ann. § 81A-137 (a) (2), seeking the information. On October 9, 1978, the trial court granted appellees' motion to compel and ordered that appellant provide the information by October 24, 1978, or have his answer stricken. On October 11, 1978, appellant filed his additional answers pursuant to the court order. As to the prior disputes, his response was that he did "not recall any of the specific names or dates but ... most of the complaints dealt with either the cost of repair or the quality of the work and occasionally there were complaints concerning the time necessary for repair." As to prior litigation, the response was that appellant did "not recall the name of the customer or the Civil Action File Number of the litigation but believes that all three (3) cases originated in either the State Court [or] Superior Court of Fulton County."

On November 8, 1978, appellees filed their motion to strike appellant's answer and to enter default judgment in their favor, because the additional answers to the interrogatories were "unresponsive to the questions."

After a hearing, the motion was granted and the instant appeal results.

"The remedy available to a party whose discovery efforts are frustrated by his opponent's refusal to submit to discovery is contained in the two-step procedure of Code Ann. § 81A-137. First, a motion for [an] order compelling discovery must be made, heard and granted. The obstinate party is then afforded another opportunity to provide discovery. If he fails to do so, the second step is for the court to enter such order as is just, including the imposition of one or more of the sanctions set forth in Code Ann. § 81A-137 (b) (2)." *Savannah Surety Assoc., Inc. v. Master,* 240 Ga. 438, 440 (241 SE2d 192) (1978). "In the case of interrogatories, the discovering party first serves the questions. [Cit.] The other party must respond or seek a protective order under Code Ann. § 81A-126 (c). If the party responds by serving answers, the discovering party must decide whether to accept the response or to move the court to compel discovery under [Code Ann. § 81A-137 (a)]. At a hearing on this motion, the trial court may resolve any issues about the adequacy of the answers and the validity of the objections to them. If the answers are inadequate, the trial court may order more explicit answers. If this order is violated, [Code Ann. § 81A-137 (b)] lists the sanctions which may be imposed by the trial court on motion by the non-offending party." *Mayer v. Interstate Fire Ins. Co.,* 243 Ga. 436, 438 (254 SE2d 825) (1979). In the instant case appellees moved for and were granted an order pursuant to Code Ann. § 81A-137 (a) compelling appellant to respond to the interrogatories. Compare *Bratten Apparel, Inc. v. Lyons Textile Mill, Inc.,* 129 Ga. App. 384 (199 SE2d 632) (1973). Thus the only question presented for review is whether because the answers filed in response to that order were allegedly evasive and incomplete, appellees were entitled to the immediate imposition of the ultimate sanction of the entry of default judgment against appellant.

Code Ann. § 81A-137 (b) (2) (C) authorizes the striking of pleadings and entry of default judgment if "a party fails to obey an order to provide or permit discovery." It is not a mere technical failure to comply with an order that will justify such extreme sanctions.

"[T]he drastic sanctions of dismissal and default cannot be invoked under [Code Ann. § 81A-137] except in the most flagrant cases — where the failure is wilful, in bad faith or in conscious disregard of an order." *Delta Equities, Inc. v. Berry,* 127 Ga. App. 590, 591 (194 SE2d 284) (1972). "[A] showing of wilfulness [is] a predicate to imposition of the harsher sanctions. [Cits.]" *Swindell v. Swindell,* 233 Ga. 854, 856 (213 SE2d 697) (1975).

Appellant contends that his failure to comply with the trial court's order was not wilful in that he made a good faith response to the court's order to "provide the information requested" by October 24, 1978, immediately after the order was entered and well within the imposed deadline. It is urged that this demonstrates his lack of wilfulness and that the harsh sanctions of striking of the defensive pleadings and entry of default were not authorized. We agree.

The record shows that appellant did serve his initial answers to the interrogatories prior to the filing of any motion to compel and, at that time, he answered to the satisfaction of appellee all but the four interrogatories which are the subject of this appeal. Actually, appellant answered properly two of these four because his response was "Yes" to the interrogatory inquiring as to the existence of prior disputes and to the one inquiring as to resulting litigation. Each such affirmative response was complete and sufficient. With regard to the remaining two interrogatories, appellant stated that further information would be forthcoming. Had appellant simply not answered the interrogatories in the first instance, the court would have been authorized to award sanctions, including the entry of default, pursuant to Code Ann. § 81A-137 (d). *Mayer v. Interstate Fire Ins. Co.,* 243 Ga. 436, supra, p. 438. See also *Houston Gen. Ins. Co. v. Stein Steel &c. Co.,* 134 Ga. App. 624, 626 (215 SE2d 511) (1975). Also, after the entry of the order of October 9, 1978, granting appellee's motion to compel, a total failure of appellant to respond to that order within the time limitation set forth would clearly have justified the entry of default judgment against appellant. *Swindell v. Swindell,* supra.

However, here appellant did make an effort to

comply with the mandates of the October 9th order issued after the hearing on the motion to compel and did, in fact, supply more information than had been furnished with the original answers. Although appellee contends — and the trial court evidently agreed — that the supplemental answers were incomplete and evasive, appellant did respond substantively to the inquiries as to previous disputes and failed only to give specifics as to the identity of persons with whom disputes arose, the relevant dates and particulars concerning the resulting litigation. However, appellant specifically averred that he did not recall these details. Appellant's supplemental response also informed appellee that the prior cases were instituted in either the Superior Court or the State Court of Fulton County. While, of course, appellee had a right to discover this information from appellant, it is to be observed that an examination of the indices in the clerk's office in each of the two Fulton County courts would have given appellee access to all pleadings, judgments and other papers in each case to which defendant had been a party.

We think it further germane to note that the order of October 9, 1978, compelling appellant's responses included the following language, to wit: "Failing to comply with this order, defendant's answers to this complaint are ordered stricken." Such a provision — purporting to make the order self-effectuating — was invalid and unenforceable. It had the effect of determining in advance that the failure to respond to the order was wilful or in conscious disregard of the order and "such a determination cannot be made in a prospective, self-executing order. A court cannot assume that a future failure will be unjustifiable. It must examine the circumstances retrospectively." *Maxey v. Covington,* 126 Ga. App. 197, 199 (190 SE2d 448) (1972). It is true that the validity of the October 9th order is not before us. However, appellant's motion for sanctions was heard and determined by a judge other than the judge entering the October 9th order. It is certainly possible that the judge entering the order now on appeal was induced to grant the ultimate sanction of default judgment, at least partially, by the inclusion of the self-effectuating language in the previous order.

All decisions of the Supreme Court and this court approving imposition of the drastic sanction of dismissal or default involve a *total* failure to respond to an order compelling discovery; none deals, as here, with an answer deemed insufficient and, therefore, one which is treated as "a failure to answer" under Code Ann. § 81A-137 (a) (3). Under the procedural scenario sub judice, we hold that the trial court erred in striking appellant's answer and in granting judgment by default. If the trial court deemed appellant's supplemental answer to be deficient, the proper judicial action would have been the entry of an order compelling additional supplemental answers.

"Thus, the defendant, who attempted to respond to interrogatories, was adjudged to have failed and then suffered entry of default for the failure in the same hearing. Since [Code Ann. § 81A-137 (d)] is intended to enforce the duty to respond to interrogatories and since a response was made here, the imposition of sanctions under [Code Ann. § 81A-137 (d)] was error." *Mayer v. Interstate Fire Ins. Co.,* supra, p. 440. Although *Mayer* held erroneous only the imposition of sanctions on the *first* motion to compel, we believe that the principle is equally applicable here and that appellant's response to the order to compel — inadequate though it may be — should not have been treated as a total failure to respond under Code Ann. § 81A-137 (d) so as to authorize the imposition of the ultimate sanction. The court, in ordering further discovery after finding insufficient the October 11th answers, could have set forth with specificity the details appellant was to furnish. If, after being compelled to supply enumerated deficiencies, appellant failed to respond either in timely fashion *or* in *exact* accordance with the order, a subsequent order granting judgment by default would be justified. We further observe that in ruling on appellee's motion for sanctions, the trial court would have been justified in imposing one or more of the other sanctions available under Code Ann. § 81A-137. It is only the striking of the defensive pleadings and the granting of default judgment that we find to be overly harsh and, therefore, erroneous in view of the fact that the appellant did make a timely — even prompt — response to the order compelling discovery.

*Judgment reversed. Deen, C. J., and Shulman, J., concur.*

SUBMITTED JULY 3, 1979 — DECIDED
SEPTEMBER 24, 1979.

*Robert A. Blackwood, III,* for appellant.
*Robert F. Coheleach,* for appellees.