65615, 65616. ALE-8-ONE OF AMERICA, INC. et al. v. GRAPHICOLOR SERVICES, INC.; and vice versa.

SHULMAN, Chief Judge.

Appellee sued Ale-8-One of America, Inc. (hereinafter "AEO"), another corporation, and an individual under theories of recovery involving contract, quantum meruit, and an account stated. Default judgments were entered first against the other two defendants and then against appellant.

1. Appellant's first and third enumerations concern a set of interrogatories submitted by appellee. Appellant's complaints are that there were more than 50 interrogatories served on it without leave of court and that the trial court erroneously entered an order compelling it to answer the interrogatories. See OCGA § 9-11-33 (a)(1) (Code Ann. § 81A-133). The record shows that appellant failed to file any answer or objection to the interrogatories within the 30

days permitted for answering. See OCGA § 9-11-33 (a)(2) (Code Ann. § 81A-133). That being so, appellant waived its right to object to the interrogatories. *Drew v. Hagy,* 134 Ga. App. 852 (216 SE2d 676).

2. Appellant's second enumeration of error is that the trial court erred in denying appellant's motion for summary judgment. It is readily apparent from even a cursory review of the record that appellant's motion was entirely specious: the motion was directed toward appellee's contract action, but was based on a response to an interrogatory concerning a totally different theory of recovery. This enumeration of error is no more meritorious than was the motion for summary judgment which the trial court correctly denied.

3. In its fourth enumeration of error, appellant contends that the denial of its motion to dismiss was error. In support of that position, appellant argues that appellee may not proceed against it because appellee has already obtained a judgment against the other defendants in this case. That argument ignores the fact that the defendants in this case are not joint defendants: appellee's claims against the various defendants are based on different theories and do not allege any form of joint liability. Appellee is entitled to pursue inconsistent remedies until it obtains a satisfaction. OCGA § 9-2-4 (Code Ann. § 3-114). There is nothing in the record of this case to show that the judgments against the other defendants have been satisfied. See *Nat. Carloading Corp. v. Security Van Lines,* 164 Ga. App. 850 (2) (297 SE2d 740).

Appellant's other argument on this issue is that there was an accord and satisfaction between appellee and the other two defendants. Assuming without deciding that that defense of the other defendants would be available to AEO, we note that it was not included as a defense in AEO's answer nor in any subsequent pleading. Under those circumstances, the defense was waived. *Dromedary, Inc. v. Restaurant Equip. Mfg. Co.,* 153 Ga. App. 103 (264 SE2d 571).

4. Appellant's fifth enumeration is that the trial court denied it due process of law by "refusing to adjudicate on any of the [appellant's] motions to compel discovery." Our review of the record has revealed no effort on the part of appellant or its counsel to invoke a ruling by the trial court on any of its motions involving discovery. Such an absence of diligence amounts to an abandonment of the motions filed. *Prudential Timber &c. Co. v. Collins,* 144 Ga. App. 849 (2a) (243 SE2d 80). We see no error in the trial court's handling of appellant's motions.

5. Appellee filed a motion for sanctions when appellant failed to abide by the trial court's order to make full discovery within 10 days. The trial court granted the motion, struck appellant's answer, and

entered a default judgment as to liability. Appellant enumerates that order as error.

Appellant argues that the trial court's grant of appellee's motion for sanctions was erroneous because the motion was based on appellant's refusal to stipulate to the admissibility of certain documents. However, it appears from the record and briefs that appellee offered to forego certain discovery if appellant would stipulate to certain matters. When appellant not only refused to make the requested stipulations, but also failed to comply with the trial court's order compelling discovery, appellee sought the imposition of sanctions. Appellant's failure to comply with the trial court's order was ample reason to impose the sanction of striking its answer. OCGA § 9-11-37 (b)(2) (Code Ann. § 81A-137).

6. Appellant's seventh enumeration of error concerns the quality of the evidence submitted by appellee in support of its claim. The argument on this issue is a "best evidence" argument, but since the contract on which appellee sought recovery was an oral contract, and since the best evidence rule deals with writings and the proof thereof (*Builders Homes &c. v. Wallace Pump &c. Co.*, 128 Ga. App. 779 (1) (197 SE2d 839)), appellant's position on this issue is without support.

7. Appellant's contention that the trial court refused to permit it to introduce evidence concerning damages is supported by the record. However, the record also demonstrates that the trial court was basing its judgment as to liability and damages on the count of the complaint which alleged an account stated in an amount certain. Since those damages are liquidated, appellee was entitled to a judgment without putting on evidence of damages. OCGA § 9-11-55 (a) (Code Ann. § 81A-155). There was no error in refusing to permit the introduction of evidence when the issue to which the evidence was allegedly pertinent had been resolved through the mechanism of a default judgment.

8. Appellant's ninth enumeration of error is supported by neither argument nor citation of authority. It is, accordingly, deemed abandoned. Rule 15 (c)(2) of the Rules of the Court of Appeals of Georgia.

9. In its final enumeration of error, appellant insists that the trial court's award of attorney fees was excessive. This argument is based on the provisions of OCGA § 13-1-11 (Code Ann. § 20-506) concerning attorney fees provisions in contracts. Unfortunately for appellant, appellee's award of attorney fees was based on OCGA § 13-6-11 (Code Ann. § 20-1404), which authorizes an award of attorney fees where a defendant has been stubbornly litigious or has caused the plaintiff unnecessary trouble and expense. The record supports

an award against appellant in this case. No error has been shown.

10. Appellee has filed a motion for damages for a frivolous appeal under the provisions of OCGA § 5-6-6 (Code Ann. § 6-1801). Our review of the record and the arguments of counsel has persuaded us that although none of appellant's enumerations of error was meritorious, neither were they so specious as to warrant the conclusion that this appeal was taken for the purpose of delay only. Appellee's motion is, therefore, denied.

11. In light of the affirmance of the judgment in Case No. 65615, Graphicolor's cross appeal is moot. Accordingly, the cross appeal is dismissed.

*Judgment affirmed in Case No. 65615; appeal dismissed in Case No. 65616. McMurray, P. J., and Birdsong, J., concur.*

DECIDED APRIL 22, 1983 —
REHEARING DENIED MAY 4, 1983 — 

*Robert S. Devins,* for appellants.
*Brady D. Green,* for appellee.