### 68732. TOMPKINS v. McMICKLE.
(321 SE2d 797)

POPE, Judge.

On March 17, 1982 a complaint was filed against appellee by appellant Ralph W. Tompkins as next friend of his minor daughter, Cynthia Lynn Tompkins. The suit sought to recover damages alleging false imprisonment, simple assault and infliction of severe mental distress. On March 24, 1982 appellee filed his answer and also a counterclaim in two counts. Count I alleged damages to property for acts done by Cynthia in the amount of $100. Count II alleged a breach of lease by Tompkins with damages claimed of $857. Appellant filed a notice of stipulation to the active July calendar on February 22, 1983. Discovery in the case was thereafter initiated by appellee with service of interrogatories and request for admissions upon appellant on March 22, 1983.

Appellant's motion to dismiss appellee's counterclaim was filed on April 12, 1983; however, the parties agreed to a consent order en-

tered on May 6, 1983 which dismissed Count II of appellee's counter-claim. Having received no answers to the interrogatories filed on March 22, 1983, appellee again filed and served interrogatories upon appellant on May 12, 1983. When appellant did not respond, on June 28, 1983 appellee filed a motion to compel appellant to answer the May 12, 1983 interrogatories. Pursuant to the August 12, 1983 hearing on appellee's motion, briefs were submitted by both parties. Appellee's motion was amended on August 16, 1983 to move for the dismissal of appellant's complaint pursuant to OCGA § 9-11-37 (d).

On October 27, 1983 the trial court entered an order finding appellee's discovery requests to be reasonable. The trial court ordered appellant to respond to the requested discovery within thirty days. Additionally, appellant was ordered to pay costs and reasonable attorney fees incurred by appellee for the motion. Appellant filed a motion for reconsideration on November 4, 1983, hearing for which was set down for December 9, 1983. Appellant's counsel failed to appear, but the trial court permitted him to submit a supplemental brief. Counsel, however, declined to do so. By order entered February 9, 1984, the trial court stated that the previous order compelling appellant's response to discovery requests was appropriate and correct and that appellant had failed to comply. Appellant's motion for reconsideration was denied and the trial court ordered appellant's complaint dismissed with appellant to pay costs and attorney fees of $150.

1. Appellant enumerates as error the trial court's order of October 27, 1983 compelling appellant's response to appellee's interrogatories. "The record shows that appellant failed to file any answer or objection to the interrogatories within the 30 days permitted for answering. See OCGA § 9-11-33 (a) (2) [cit.]. That being so, appellant waived [her] right to object to the interrogatories. *Drew v. Hagy*, 134 Ga. App. 852 (216 SE2d 676) [(1975)]." *Ale-8-One of America v. Graphicolor Services*, 166 Ga. App. 506 (1) (305 SE2d 14) (1983). See also OCGA § 9-11-37 (d) (2). Even if the right to object had been preserved, we find appellant's arguments in support of her objections to be wholly without merit.

2. Appellant contends that the trial court erred in imposing sanctions and dismissing her complaint prior to ruling on her motion for reconsideration filed November 4, 1983. We note first that, as pointed out in Division 1, by the time of the October 27, 1983 order compelling her response, appellant had waived all objections to the requested discovery. Indeed, had the trial court declined to order her response, reversible error would have occurred. See *Drew v. Hagy*, supra. Appellant's meritless motion for reconsideration did not affect the order compelling response nor did it toll the running of the thirty-day time period granted in the October 27, 1983 order. See generally *Carter v. Data Gen. Corp.*, 162 Ga. App. 379 (291 SE2d 99) (1982).

Under the circumstances of this case, the trial court was authorized by OCGA §§ 9-11-37 (b) (2) (C) and 9-11-37 (d) (1) to dismiss appellant's complaint based upon her total failure to answer or to properly object. See *Mayer v. Interstate Fire Ins. Co.*, 243 Ga. 436 (2) (254 SE2d 825) (1979); *Rucker v. Blakey*, 157 Ga. App. 615 (278 SE2d 158) (1981); *Massengale v. Ga. Power Co.*, 153 Ga. App. 476 (1) (265 SE2d 830) (1980); *Wetherington v. Koepenick & Horne, Inc.*, 153 Ga. App. 302 (265 SE2d 107) (1980). Under the discovery provisions of the Civil Practice Act, the trial judge is granted broad discretion. Historically, it has been the policy of the Georgia appellate courts to refuse to interfere with a trial court's exercise of such discretion in absence of abuse. *Merrill Lynch &c., Inc. v. Echols*, 138 Ga. App. 593 (2) (226 SE2d 742) (1976). Accord *Porter v. Eastern Airlines*, 165 Ga. App. 152 (1) (300 SE2d 525) (1983); *Dean v. Gainesville Stone Co.*, 120 Ga. App. 315 (170 SE2d 348) (1969). We find no abuse of the trial court's discretion.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 7, 1984.

*Jay W. Bouldin*, for appellant.
*Anthony L. Harrison*, for appellee.