## 71366. HOLT v. BROWN.
(341 SE2d 486)

Pope, Judge.

Holt appeals from an order granting Brown's motion for imposition of sanctions for failure to answer interrogatories and dismissing his complaint with prejudice. In his amended notice of appeal Holt states that "as counsel for the parties have been unable to agree upon a transcript of the proceedings and, as the trial judge has indicated that he will not sign a transcript unless agreed upon by counsel for the parties, there will be no transcript or statement of the evidence and proceedings which will be included in the record on appeal."

The order appealed from recites that it was issued following a hearing at which the trial court considered Brown's motion and oral argument by counsel. Holt enumerates as error (1) that the evidence presented was insufficient as a matter of law to find that the answers to Brown's interrogatories were not responsive; (2) that the court erred in hearing the motion when the record showed on its face that he did not receive service of notice of the motion at least five days before the time specified for the hearing pursuant to OCGA § 9-11-6 (d); and that the court erred in ruling that the case be dismissed with prejudice. *Held:*

Ordinarily, where no transcript or agreed statement of facts is furnished, "the appellate court is bound to assume that the trial court's findings are supported by sufficient competent evidence for there is a presumption in favor of the regularity of all proceedings in a court of competent jurisdiction." (Citations and punctuation omitted.) *Vaughan v. Buice,* 253 Ga. 540 (322 SE2d 282) (1984). Accord *Southeast Grading v. Grissom-Harrison Corp.,* 171 Ga. App. 298 (2) (319 SE2d 121) (1984). However, even though our review has been made more difficult by the total absence of any citation to the record by either party, it does not appear that the proper procedure for the imposition of the sanctions rendered was followed here. Since nothing in the record indicates, nor is it contended, that Holt failed to respond to the interrogatories submitted by Brown, only that the answers given were insufficient, dismissal was not authorized under OCGA § 9-11-37 (d).

"The authorization of immediate sanctions under Rule 37 (d) has

been construed to apply to nothing 'less than a serious or total failure to respond to interrogatories.' [Cits.] Thus, a *total* failure to serve answers or objections would constitute a failure to respond under 37 (d) and would subject a party to immediate sanctions. On the other hand, answering partially or giving evasive answers evidences a dispute between the parties which is brought before the trial court by a 37 (a) motion to compel discovery and is resolved through an order to compel answers or a protective order." *Mayer v. Interstate Fire Ins. Co.*, 243 Ga. 436, 439 (254 SE2d 825) (1979); *Serwitz v. Gen. Elec. Credit Corp.*, 174 Ga. App. 747 (2) (331 SE2d 95) (1985). See also *Clements v. Toombs County Hosp. Auth.*, 175 Ga. App. 651 (1) (334 SE2d 188) (1985). "Federal case law and the well-known commentators on federal procedure clearly state that the drastic sanctions of dismissal and default cannot be invoked under Rule 37 except in the most flagrant cases — where the failure is wilful, in bad faith or in conscious disregard of an order. [Cit.] This court, construing subsection (d), has held the same way. [Cit.] The Supreme Court has cautioned against the harsh application of this rule. [Cit.]" *Maxey v. Covington*, 126 Ga. App. 197, 199 (190 SE2d 448) (1972); *Serwitz v. Gen. Elec. Credit Corp.*, supra. Consequently, in the absence of any written order to compel discovery or protective order of record, and no finding in the order appealed from of wilfulness, bad faith or conscious disregard of any such order, we must conclude that the trial court abused its discretion in dismissing Holt's complaint with prejudice.

*Judgment reversed. Deen, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 14, 1986.

*James H. Lewis*, for appellant.
*H. Robert Ronick*, for appellee.