## 73540. SMITH v. NATIONAL BANK OF GEORGIA.
### (354 SE2d 678)

BEASLEY, Judge.

Smith sued NBG, alleging that NBG had misused the garnishment process for a previously paid debt, thereby damaging his employment and business relationships, and holding him up to ridicule and embarrassment.

NBG served interrogatories on January 24, 1984, including the following two: "8. State the name of the banks and bank account numbers for each bank account the Plaintiff has had during the previous seven years. 9. State the total number of checks which the Plaintiff has written in the past seven years which were returned for nonsufficient funds, the payee of each check and the name of the bank and bank account number for each returned check."

No objections or responses to these two interrogatories were received from plaintiff within the thirty days provided by OCGA § 9-11-33 (a) (2) and no extension of time for objecting was obtained. On April 10, plaintiff did serve answers to the other seven interrogatories, 40 days late. The only response to no. 8 and no. 9 was the statement that "Plaintiff claims that this question is irrelevant and immaterial to the subject matter of this lawsuit."

Thereafter, discussions took place between counsel concerning these two interrogatories and, on June 4, counsel for NBG sent a confirming letter to plaintiff's counsel reflecting his understanding that answers to these two would be forthcoming by May 18. By letter of June 25, counsel for plaintiff advised that his client was "adamant in his refusal to answer these questions. It would appear that we will need some direction from the court. . . ." Never was it conveyed that plaintiff did not have or could not get the information requested. On July 3, NBG turned to the court for aid by filing a Motion to Compel pursuant to OCGA § 9-11-37.

By order of July 9, 1985, the court concluded that the information sought in these interrogatories was relevant and material and ordered the plaintiff "to answer defendant's interrogatories 8 and 9 separately and fully in writing under oath by August 8, 1985." Plaintiff

did not comply with the time requirement but twice again prevailed on defendant's indulgence for informal extensions.

On September 26, defendant wearied of waiting and served its motion to dismiss the complaint pursuant to OCGA § 9-11-41 (b), still not having received the responses, which were served the next day. The answer to no. 8 did not list the banks where accounts had been maintained by plaintiff but merely stated that the only records available for three of the requested years were from one bank and the rest were lost or misplaced. The answer to no. 9 advised that plaintiff was not in possession of any cancelled checks, and enclosed bank statements from the bank identified in the answer to no. 8.

By order of December 4, the court ordered plaintiff to show cause why the motion to dismiss should not be granted, specifically indicating that plaintiff's failure "to appear . . . will result in a finding by this Court that plaintiff's noncompliance with this Court's order of July 9, 1985 is wilful and the case will be dismissed."

After a hearing on December 30, 1985, at which counsel for plaintiff appeared without him and argued, the court entered the order, here complained of, dismissing the complaint with prejudice on the ground that the failure to comply with discovery pursuant to the court's order was wilful, pursuant to OCGA §§ 9-11-37 and 9-11-41 (b). The court specifically found that the responses served on September 27 were inadequate, evasive, and not responsive.

1. Plaintiff's first enumeration claims that the trial court erred in not holding an evidentiary hearing on the motion to dismiss. Although plaintiff concedes that he had notice of the December 30 hearing and that he, through counsel, was present and participating, he apparently contends that, because the hearing was noticed by a "rule nisi" order, it could not be the evidentiary hearing mandated by *Harwood v. Great American Mgt. &c.*, 164 Ga. App. 703 (298 SE2d 263) (1982). While it is true that a rule nisi is generally used to notify parties of and compel them to appear at hearings for determination of temporary or other interlocutory matters, see *Herring v. Standard Guaranty Ins. Co.*, 238 Ga. 261, 262 (232 SE2d 544) (1977), it may also be used to notify a final hearing. *Brand v. Brand*, 244 Ga. 124 (259 SE2d 133) (1979). The purpose of the required notice of hearing is just that, to give notice of the subject matter and purpose of the hearing. In the present case, plaintiff was fully apprised of the necessity to bring any evidence which he wanted to submit to the court dealing with the issue of wilfulness. The court was even willing to have counsel's representation of what plaintiff's explanation would be if present, but none was forthcoming until now in the brief on appeal, and it is paltry.

Also, plaintiff is incorrect that there was no evidence presented at the hearing. Defendant had filed and served on plaintiff copies of the

letters exchanged by the parties, the motions relating to discovery, and affidavits on defendant's behalf. These items constitute evidence. *Hotchkiss v. Newton*, 10 Ga. 560, 567 (4) (1851). This evidence was unobjected to and uncontradicted. Plaintiff's choice not to present evidence is no basis for finding that an evidentiary hearing did not take place. He merely argued about relevance and materiality of the interrogatories, matters resolved by the July order, offering no justification for failing to abide by the court's order or for failing to state at the outset that he did not have, or have access to, the requested information. He had neatly accomplished a long delay for his own benefit while leading court and opponent to believe the information would be given.

2. Although Smith served objections to nos. 8 & 9, they were out of time and that right had been waived. *Tompkins v. McMickle*, 172 Ga. App. 62, 63 (1) (321 SE2d 797) (1984). OCGA § 9-11-37 provides options for a party which has initiated discovery to which no response is made: a court order compelling the requested discovery or, under subsection (d), dismissal. NBG sought and obtained an order directing response and specifically finding that the requested information was relevant and material. Still having received no answers by September, NBG sought dismissal, which effort was not nullified by plaintiff's filing of partial answers the next day. *Ross v. White*, 175 Ga. App. 791, 792 (2) (334 SE2d 371) (1985); *Rucker v. Blakey*, 157 Ga. App. 615, 616 (278 SE2d 158) (1981).

Smith's second enumeration is that the court erred in finding that his failure to answer was wilful. While the motion filed by NBG cited OCGA § 9-11-41 as its basis, both the order appealed from and the parties briefs rely on OCGA § 9-11-37, and this is the legal premise which we review. Smith is correct that, under OCGA § 9-11-37 (b) (2) (C) or § 9-11-37 (d), a finding of wilfulness is a prerequisite to dismissal. *Brunswick Mfg. Co. v. Sizemore*, 176 Ga. App. 838, 839 (338 SE2d 288) (1985); *Merrill Lynch &c. v. Echols*, 138 Ga. App. 593, 594 (2) (226 SE2d 742) (1976).

The question is whether the trial court abused its broad discretion in imposing this sanction of the discovery process. *Carey Canada, Inc. v. Hinely*, 181 Ga. App. 364 (352 SE2d 398) (1986); *Tompkins v. McMickle*, supra at 64.

In considering the issue of wilfulness, the entire period beginning with service of the interrogatories and ending with the service of the answers must be considered, not just the period mandated by the order requiring answers. *Swindell v. Swindell*, 233 Ga. 854, 857 (3) (213 SE2d 697) (1975). That period here is one year and eight months, of which seven months elapsed between the serving of the interrogatories and the filing of the motion to compel answers, with no answers by Smith. In addition, although not compelled to do so, the court con-

sidered the answers served the day after NBG's motion was filed. The court specifically found that they were inadequate, evasive, and not responsive. This is amply supported by comparing the straightforward questions and the responses; they were only partially responsive and covered only a portion of the time requested. This finding, along with the time period involved, is without a doubt sufficient to uphold the exercise of discretion by the trial court in dismissing the complaint. OCGA § 9-11-37 (a) (3); *Swindell v. Swindell*, supra; *Ross v. White*, 175 Ga. App. 791, supra.

For the first time on appeal Smith argues that his response was sufficient under OCGA § 9-11-33 (c). It is well settled that this court will not consider issues raised for the first time on appeal. *City of Buford v. Thomas*, 179 Ga. App. 769, 772 (2) (347 SE2d 713) (1986).

There being no basis for anticipating reversal, a penalty of $500 is added on remittitur pursuant to Rule 26 (b) as the appeal is frivolous.

*Judgment affirmed with direction. Deen, P. J., and Benham, J., concur.*

DECIDED MARCH 6, 1987.

*Ronald C. Harrison, Patrick J. Gibbs*, for appellant.
*Donald J. Goodman, Karl M. Terrell*, for appellee.