A90A1334. STREJC v. METROPOLITAN ATLANTA RAPID
TRANSIT AUTHORITY et al.
(397 SE2d 501)

CARLEY, Chief Judge.

Appellant-plaintiff filed suit against appellee-defendants and several others. Appellees answered and served appellant with interrogatories. When appellant failed to make a timely response to their interrogatories, appellees moved pursuant to OCGA § 9-11-37 (d) (1) for the dismissal of the appellant's complaint or, in the alternative, for an order compelling her to respond. Before the hearing on appellees' motion, appellant did serve her answers to the interrogatories. However, as to Interrogatories 23 and 24 which had sought discovery of the "specifications of negligence" upon which appellant was relying, her response was merely that she was "not qualified to render legal opinions or conclusions." Although appellant did supplement her answers to Interrogatories 23 and 24 before the hearing on appellees' motion, she did so with responses which were arguably incomplete and evasive.

Appellant's belated efforts to answer the interrogatories did not preclude the imposition of sanctions against her pursuant to OCGA § 9-11-37 (d). However, the trial court, in the exercise of its discretion, did not elect to impose any sanctions but, as it was also authorized to do under OCGA § 9-11-37 (d) (1), merely awarded appellees reasonable attorney's fees and legal expenses. On several occasions thereafter, appellees' attorney sought to obtain further responses from appellant to Interrogatories 23 and 24. When no further responses were forthcoming, appellees filed a motion to dismiss or, in the alternative, to compel appellant to answer those two interrogatories. After the hearing on this motion, the trial court entered an order dismissing appellant's complaint as a sanction for her failure to give full and responsive answers to Interrogatories 23 and 24. The trial court did, however, certify its order for immediate review and appellant's application for an interlocutory appeal was granted.

"[A] *total* failure to serve answers or objections [to interrogatories] would constitute a failure to respond under [OCGA § 9-11-37 (d)] and would subject a party to immediate sanctions." *Holt v. Brown*, 177 Ga. App. 823, 824 (341 SE2d 486) (1986). However, the instant case does *not* involve OCGA § 9-11-37 (d) and the dismissal of a complaint as a sanction for the *total* failure to respond to interrogatories. Although the trial court, in its *original* order, would have been authorized pursuant to that Code section to dismiss appellant's complaint as a sanction for her *total* failure to have made a timely response to any of the interrogatories, the trial court did *not* do so, but merely awarded attorney's fees to appellees. What the instant case *does* involve is the dismissal of a complaint as sanction for the giving

of *partial and evasive* answers to certain interrogatories. Such a dismissal must be predicated upon OCGA § 9-11-37 (a), not OCGA § 9-11-37 (d). " '[A]nswering partially or giving evasive answers evidences a dispute between the parties which is brought before the trial court by [an OCGA § 9-11-37 (a)] motion to compel discovery and is resolved through an order to compel answers or a protective order.' [Cits.]" *Holt v. Brown*, supra at 824.

In *Thornton v. Burson*, 151 Ga. App. 456, 458 (2) (260 SE2d 388) (1979), we held: " 'The remedy available to a party whose discovery efforts are frustrated by his opponent's refusal to submit to discovery is contained in the two-step procedure of [OCGA § 9-11-37]. First, a motion for (an) order compelling discovery must be made, heard and granted. The obstinate party is then afforded another opportunity to provide discovery. If he fails to do so, the second step is for the court to enter such order as is just, including the imposition of one or more of the sanctions set forth in [OCGA § 9-11-37 (b) (2)]. [Cit.] . . . If the answers are inadequate, the trial court may order more explicit answers. If this order is violated, [OCGA § 9-11-37 (b)] lists the sanctions which may be imposed by the trial court on motion by the non-offending party.' [Cit.]" In the instant case, no order was ever entered requiring that appellant provide more complete responses to Interrogatories 23 and 24. Accordingly, the dismissal of her complaint was unauthorized. "[I]n the absence of any written order to compel discovery or protective order of record, and no finding in the order appealed from of wilfulness, bad faith or conscious disregard of any such order, we must conclude that the trial court abused its discretion in dismissing [appellant's] complaint with prejudice." *Holt v. Brown*, supra at 824.

*Judgment reversed. McMurray, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 26, 1990.

*Kenneth J. Rajotte*, for appellant.
*Long, Weinberg, Ansley & Wheeler, Barry S. Mittenthal, Stephanie F. Goff, Schreeder, Wheeler & Flint, Alexander J. Simmons, Jr.*, for appellees.