A90A1368. SCHREMBS v. ATLANTA CLASSIC CARS, INC.
(398 SE2d 712)

BEASLEY, Judge.

Atlanta Classic Cars, Inc., sued Tamara Schrembs when a check Schrembs had tendered as payment for a car was returned due to insufficient funds. On June 26, 1989, appellee filed a motion to compel an answer to an interrogatory, asking for her social security number. Defendant had not sought a protective order after receiving the interrogatory but instead objected to it. The motion did not jog a response giving the information even though nearly eight months elapsed before the court, in February, heard argument from both sides and ordered defendant to answer within 30 days. She filed no objection to the order, did not seek to appeal it, and did not ask the court to reconsider it. She just failed to comply.

Because of this silence, a motion for sanctions, explicitly seeking the striking of the answer and counterclaim, was filed and served.

Still, there was no compliance with the order and no response to the motion. On March 19 the trial court entered the order imposing those sanctions. Schrembs complains that this was done without a hearing.

The court's order granting the relief sought, based on noncompliance with the court order, all of which defendant had notice of, is upheld. Defendant had already had opportunity to justify not answering the interrogatory and failed to convince the trial judge. The interminable discovery procedures which bog down final resolution, wear out parties' patience and pocketbooks, and consume inordinate amounts of severely limited court resources, would be exacerbated without justification if further hearing were required in these circumstances.

If there *is* a good excuse for not complying with the court order, the burden should be on defendant to move for setting aside the dismissal and to show simultaneously, under oath, the reason for her total non-compliance with the order. The burden should not be on the party seeking legitimate discovery backed up by a court order, or on the court, to provide yet another hearing before dismissal.

The authority for the dismissal existing in OCGA § 9-11-37 (b) (2) (C) is confirmed in *Thornton v. Burson*, 151 Ga. App. 456 (260 SE2d 388) (1979), and *Brunswick Mfg. Co. v. Sizemore*, 176 Ga. App. 838 (338 SE2d 288) (1988). The two-step procedure was followed here. If wilfulness is prerequisite, it is amply supplied, considering the circumstances and the nature of the interrogatory. One of the compelling factors is that defendant had had ten months to answer the sole and straightforward interrogatory calling for a simple answer. This period is demonstrative. *Smith v. Nat. Bank of Ga.*, 182 Ga. App. 55, 57 (2) (354 SE2d 678) (1987).

What is more, as said in *Thornton*, supra at 459, "after the entry of the order . . . granting appellee's motion to compel, a total failure of appellant to respond to that order within the time limitation set forth would clearly have justified entry of default judgment against [the defendant]. [Cit.]"

*Judgment affirmed. Carley, C. J., Banke, P. J., Birdsong, Sognier, Pope and Cooper, JJ., concur. Deen, P. J., and McMurray, P. J., dissent.*

DEEN, Presiding Judge, dissenting.

Considering very similar procedural circumstances, this court has previously held that imposition of the harsh sanction of dismissal of a complaint or answer pursuant to OCGA § 9-11-37 is error, where no opportunity to explain the failure to comply is afforded. *Lewis v. Foster*, 186 Ga. App. 819 (368 SE2d 575) (1988); *Serwitz v. Gen. Elec. Credit Corp.*, 174 Ga. App. 747 (331 SE2d 95) (1985); *Harwood v. Great American Mgmt. &c.*, 164 Ga. App. 703 (298 SE2d 263) (1982).

These cases not having been overruled, they should still be controlling in this situation. The imposition of sanctions was therefore error, and I would respectfully dissent from the majority opinion.

I am authorized to state that Presiding Judge McMurray joins in this dissent.

DECIDED OCTOBER 3, 1990 —
REHEARING DENIED NOVEMBER 1, 1990 — 

*C. Alan Mullinax*, for appellant.
*John A. Swann*, for appellee.