A91A0135. HERNANDEZ v. STATE OF GEORGIA.
(408 SE2d 160)

BANKE, Presiding Judge.

The district attorney's office filed a "Libel in Rem for Condemnation" against a 1988 Mitsubishi owned by the appellant, along with $229,373 in United States currency which had been seized from inside the vehicle. See generally OCGA § 16-13-49. This appeal is from an order striking the appellant's defensive pleadings and entering a default judgment in favor of the state based on a finding that the appellant had wilfully failed to respond to discovery.

On March 9, 1990, the state served the appellant with interrogatories and a request for production of documents. On April 11, 1990, the court entered an order granting the appellant an additional 21

days in which to respond to this discovery; however, no such responses were forthcoming during that period, and the state consequently filed a motion to compel. Following a hearing on this motion, the court entered an order directing the appellant to respond to the requested discovery on or before June 29, 1990. Although the appellant did finally file responses on that date, she objected to eight of the 18 interrogatories on the ground that they were "overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence"; and she answered eight of the 11 requests for production (including requests for her most recent federal income tax return and the certificate of title to the automobile) by asserting that the "[d]ocuments cannot be found or do not exist." The state subsequently moved to strike the appellant's defensive pleadings and for the entry of default judgment in its favor on the ground that these responses were "evasive and unresponsive and . . . tantamount to no response at all." In its order granting this motion, the trial court observed that the appellant had waived its right to object to the requested discovery by failing to do so within the time originally allowed for responding. However, it nevertheless examined her objections, determined that they were lacking in merit, and based on that determination concluded that her responses were "wilfully inadequate" and "evasive." *Held:*

"As a general rule, the trial court should attempt to compel compliance with its orders through the imposition of lesser sanctions than dismissal. [Cit.] '(T)he drastic sanctions of dismissal and default cannot be invoked under (OCGA § 9-11-37) except in the most flagrant cases — where the failure is wilful, in bad faith, or in conscious disregard of an order.' [Cit.] However, ' "(a) very broad discretion is granted judges in applying sanctions against disobedient parties in order to assure compliance with the orders of the courts. By (OCGA § 9-11-37 (b) (2) (C)), the courts are specifically granted the discretion to dismiss complaints or render default judgments against disobedient parties. This applies to the disobeying of an order to produce. Historically, it has been the policy of the Georgia appellate courts to refuse to interfere with a trial court's exercise of its discretion in absence of abuse. This policy is applicable to a trial judge's exercise of the broad discretionary powers authorized under the discovery provisions of the Civil Practice Act. (Cit.)" [Cit.]' [Cit.]" *Joel v. Duet Holdings*, 181 Ga. App. 705, 707 (353 SE2d 548) (1987). See also *Smith v. Nat. Bank of Ga.*, 182 Ga. App. 55, 57 (2) (354 SE2d 678) (1987).

Where the trial court determines that a party has wilfully failed to respond to interrogatories within the time provided by law, it is authorized by OCGA § 9-11-37 (d) (1) to strike his or her pleadings and enter a dismissal or default judgment forthwith, without the ne-

cessity of entering an order, compelling such responses. See *Mayer v. Interstate Fire Ins. Co.*, 243 Ga. 436 (254 SE2d 825) (1979). However, where, as in the present case, the court chooses to forego that option in favor of entering such an order, that order cannot be self-executing, i.e., it cannot provide for the automatic imposition of the ultimate sanction of dismissal or default judgment upon the party's failure to file the responses. Rather, the court must first make a determination, following notice and an opportunity for hearing, that the failure to comply with the order was wilful. See *Serwitz v. Gen. Elec. Credit Corp.*, 174 Ga. App. 747, 749 (331 SE2d 95) (1985). A finding to that effect was, of course, made by the trial court in the present case, and we believe it was amply supported by the record. The appellant has never sought to justify or explain her initial failure to respond to the requested discovery; and as a result of that failure to respond, she had waived her right to interpose objections to the discovery. See *Tompkins v. McMickle*, 172 Ga. App. 62, 63 (1) (321 SE2d 797) (1984); *Ale-8-One of America v. Graphicolor Svcs.*, 166 Ga. App. 506 (1) (305 SE2d 14) (1983). The trial court nevertheless examined her objections and upon doing so determined that she had interposed them in bad faith for the purpose of wilfully evading her discovery obligations. The court did not abuse its discretion under these circumstances in striking her defensive pleadings and entering default judgment against her.

Such cases as *Thornton v. Burson*, 151 Ga. App. 456, 460 (260 SE2d 388) (1979), and *Brunswick Mfg. Co. v. Sizemore*, 176 Ga. App. 838 (338 SE2d 288) (1985), do not require a contrary result. In *Thornton*, there was some indication that the court had based its decision to strike the appellant's defensive pleadings on "the inclusion of self-effectuating language in [its] previous order" compelling responses to the requested discovery. Id., 151 Ga. App. 460. In *Brunswick Mfg.*, the appellants had already served one set of interrogatory responses prior to the issuance of the order compelling such responses, and there was some indication that the court had failed to take this into account in imposing sanctions. Moreover, it was shown in that case that the court may have inadvertently led the appellants to believe that they were authorized to "include for purposes of their 'amended responses' any such objections to the interrogatories as had *not* previously been raised in their original response." Id. at 841. Furthermore, the record in that case disclosed that in imposing sanctions the trial court had acted "*solely* pursuant to its understanding that, under the law, it had no discretion to accept the untimely objections as a proper response to interrogatories" and that it had failed to address "the issue of appellants' wilfulness, as opposed to the technical inadequacy of their amended response." (Emphasis in original.) Id. at 842. In contrast, the record in the present case leaves no doubt that

the trial court based its decision not on a mere technical deficiency in the appellant's responses to the discovery order but on a determination that she was in wilful violation both of that order and of her discovery obligations generally.

*Judgment affirmed. McMurray, P. J., Birdsong, P. J., Pope, Beasley and Andrews, JJ., concur. Sognier, C. J., Carley and Cooper, JJ., dissent.*

CARLEY, Judge, dissenting.

I must respectfully dissent. The trial court ordered that appellant respond to appellee's requests for discovery by June 29, 1990. Appellant *did* file a response by that date. "All decisions of the Supreme Court and this court approving imposition of the drastic sanction of dismissal or default involve a *total* failure to respond to an order compelling discovery. . . ." (Emphasis in original.) *Thornton v. Burson*, 151 Ga. App. 456, 461 (260 SE2d 388) (1979). It is true that appellant's response contained objections and that the time had already passed within which objections could be raised as viable responses. However, "[a]bsent any showing that the trial court [had] previously specif[ied] . . . that the raising of objections would *not* be [an] acceptable response to *its* order [compelling discovery], [I am] constrained to [opine] that the record before us indicates only that the timely [response of June 29, 1990] was served pursuant to [appellant's] ignorance of the technical inadequacy evidenced by [the] inclusion [therein] of the several untimely objections. OCGA § 9-11-37 (b) (2) is not designed to punish parties when their otherwise timely but partially inadequate response to discovery orders is the result of their counsel's erroneous misunderstanding of the full mandate thereof. [Cit.]" *Brunswick Mfg. Co. v. Sizemore*, 176 Ga. App. 838, 841-842 (1) (338 SE2d 288) (1985). Accordingly, in my opinion, the trial court *did* abuse its discretion in the instant case and I must, therefore, respectfully dissent to the majority's affirmance of the order striking appellant's defensive pleadings and entering a default judgment in favor of appellee.

I am authorized to state that Chief Judge Sognier and Judge Cooper join in this dissent.

DECIDED JULY 9, 1991.

*Wright & Hyman, G. Russell Wright*, for appellant.
*John C. Pridgen, District Attorney*, for appellee.