A96A2359. LOFTIN v. GULF CONTRACTING COMPANY et al.
(480 SE2d 604)

    BIRDSONG, Presiding Judge.

    Appellant/plaintiff John A. Loftin appeals the order of the superior court granting appellees/defendants' second renewed motion for sanctions and dismissing appellant's complaint and pleadings with prejudice.

    Appellant Loftin and plaintiff Roger Swilley (referred to jointly as appellant and Swilley) brought suit for damages against appellees/defendants Gulf Contracting Company, P. R. Wood, and Laura Ann Wood for breach of implied contract, fraud, slander, libel, defamation, emotional distress, conversion, breach of fiduciary duty and negligence. Appellees filed various counterclaims.

    On August 15, 1995, appellees initiated discovery and served a first request for production of documents (OCGA § 9-11-34) and notice to produce at trial (OCGA § 24-10-26). On September 15, 1995, appellant and Swilley filed their response to this request. The response stated inter alia that notwithstanding the objections to appellees' request to produce, appellant and Swilley "have available at the [law office of their attorney], for copying, all documents in their possession with regard to the above-requested discovery." Supplemental discovery answers were filed, in which appellant and Swilley in essence asserted they had furnished all requested documents in their possession or had listed in their response where such documents could be obtained, except for documents protected by the work product doctrine and attorney-client privilege. These latter documents were broadly identified as consisting of certain personal notebooks of appellant Loftin, certain credit card statements, and certain checkbook stubs belonging to the personal checking account of appellant Loftin — all of which allegedly had been prepared in contemplation of litigation. Appellees filed a motion for sanctions (OCGA § 9-11-37 (d)) to strike and dismiss plaintiffs' complaint and pleadings with prejudice, an alternative motion to compel document production

(OCGA § 9-11-37 (a)) and an application for attorney fees (OCGA § 9-11-37 (d)). In this motion, appellees averred their original request for production had been hand-delivered to appellant and Swilley's counsel and the response thereto was untimely, vague, evasive and incomplete. Appellees also averred that, while some of the requested documents had been produced untimely, "substantively all of the documents [e.g., banking records, check registries, cancelled checks, tax returns, ledgers, memos] sought by [appellees], have not been produced." Appellees contended that appellant and Swilley's failure to answer timely and to respond properly to the document production request was wilful or with conscious disregard for appellees' discovery rights. This motion was accompanied by a supporting affidavit of appellees' counsel; therein the attorney states the motion to produce was hand-delivered to plaintiffs' attorney, and that appellant's response was not received until Monday, September 18, 1995. Appellees' counsel also stated that on September 21, 1995, appellant produced "a few of the documents sought," and stated that the balance would not be produced based on the objections asserted in their response to the production request. Further appellees' counsel stated that during a prior Uniform Superior Court Rule 6.4 (B) conference, appellant and Swilley's attorney stated he would stand on the objections to discovery and would not produce any further material sought, notwithstanding being informed that the response was untimely and contained improper objections. Appellant and Swilley filed their response to appellees' motion for sanctions and a motion for a protective order (OCGA § 9-11-26 (c)). A hearing was held on this motion and an order was filed on February 12, 1996. The trial court's order reflects that appellant's and Swilley's counsel stated in open court that complete photocopies of all documents sought had been produced and provided to appellees' counsel, except for the following three categories of documents withheld under claim of privilege, to wit: bank account checkbook stubs pertaining to the account of appellant Loftin, credit card statements, and personal notebooks of appellant Loftin. The trial court ordered Bates-numbering of the documents produced and directed that any further identification, production and/or attempted use by appellant and Swilley of any documents, otherwise sought by appellees in their request for production of documents, other than the materials subsequently identified in the order, and any documents that may thereafter be properly produced by appellant and Swilley under their duty to supplement their document production under appellees' requests to produce (served upon appellant and Swilley by hand-delivery on August 15, 1995), "may be brought to the court's attention by [appellees], for the imposition of appropriate sanctions" against appellant and Swilley. The order then identified the three categories of documents as those to which appel-

lant and Swilley had asserted a claim of attorney-client privilege or work product exception. As to these documents appellant and Swilley had asserted that, pursuant to the instructions of appellant's prior attorney, appellant had made certain written comments on some of the materials in contemplation of litigation. The trial court deferred ruling on the legitimacy of the privilege/work product claim and directed the taking of the deposition of the former attorney to determine what instructions, if any, had been provided appellant. In the event that no such instructions were given by the attorney, appellant and Swilley were ordered to produce immediately the originals of the documents to which the privilege/work product claim had been asserted; any controversy surrounding the instruction could be brought to the court's attention for an appropriate hearing. The trial court did not rule at this time upon the merits of appellant and Swilley's motion for protective order. The deposition of appellant's former attorney was taken; the attorney testified she had given appellant Loftin general instructions, among which was that he needed to make notes, memoranda, records or recordings so that he could refresh his memory when testifying at a deposition or before a jury. The attorney, however, did not expressly testify that she had instructed appellant to make these notations on any of the existing documents in his possession.

Subsequently, appellees filed a renewed motion for sanctions to strike and dismiss with prejudice the complaint and pleadings of appellant Loftin. This motion asserted the existence of and purported to identify a substantial number of documents which had been withheld by appellant and had not been previously produced. Appellees asserted in their motion that appellant's conduct constituted either a wilful refusal to participate in discovery or conscious indifference to the discovery process. In a supporting affidavit, appellees' counsel stated that during the course of appellant's deposition (which subsequently was adjourned), appellant identified a number of documents which had not been produced and also some handwritten notes. Appellant claimed that check registers, deposit slips, credit card statements, and diaries in his possession had been retained pursuant to the trial court's order of February 12, 1996; however, he also stated that these documents would be introduced at trial. Appellees' counsel further stated in his affidavit that appellant testified as to the existence of approximately 15 inches of documents retained by him, and that less than two-and-one-half inches of Bates-numbered documents had been produced by appellant. Following a hearing as to this motion, an order and judgment was filed on April 5, 1996, directing appellant to produce, no later than April 12, 1996, "all" of the documents at issue. The order further directed that the materials shall be produced "at a time convenient to counsel for [appellees], so that the

aforesaid materials may be reviewed, inventoried and copied" by appellees' counsel.

On April 16, 1995, appellees filed a second renewed motion for sanctions, citing OCGA § 9-11-37 (a) (3), (b) (2) (C), and (d), and asserting appellant had wilfully failed and refused to comply with the trial court's order of April 5, 1996; this motion was supported by the affidavits of appellees' counsel and his paralegal. The supporting affidavits reflect that at about 9:40 a.m. on Friday, April 12, 1996, the paralegal received a phone call from appellant's co-counsel who wanted to speak with appellees' attorney who was then out of the office; appellant's co-counsel stated that documents were ready to be produced and an intern was being sent with the documents. At about 10:45 a.m., the intern arrived carrying one large banker box and one shoe box filled with documents. Appellees' counsel was contacted by his paralegal and advised of the situation. Appellees' counsel stated he was informed and believes that approximately 4,000 documents were produced which had not previously been produced in discovery. The office staff of appellees' counsel photocopied documents for approximately five hours without stopping for lunch. At approximately 3:40 p.m., the intern who had brought the documents stated she had been instructed by appellant's counsel to leave and take all of the original documents regardless of whether they had been copied. At approximately 4:05 p.m., despite objections to the removal of the documents, the intern departed with all the documents notwithstanding that only approximately 2,000 documents had been photocopied. Apparently on the following Monday, appellant's counsel offered to return the documents for further photocopying. At the motion hearing appellees' counsel stated this offer was unacceptable as every document would have to be checked to determine if it had been copied. The trial court granted the motion for sanctions and dismissed both appellant's complaint and pleadings and appellees' counterclaim with prejudice. *Held*:

1. Appellees have failed to file a brief; accordingly, they must stand on the strength of the record before us, as the contents thereof are interpreted by this Court, and without benefit of any written appellate brief or oral argument. Ga. Const. of 1983, Art. VI, Sec. I, Par. IV (court's exercise of judicial power necessary to protect and effectuate its judgments); see Court of Appeals Rule 26 (b).

2. Appellant filed his initial response to appellees' first request for production of documents and notice to produce 31 days after service of the request. Contrary to appellant's contention, the record affirmatively reflects, as determined by the trial court, that the request for production was served by personal delivery to appellant's attorney and not by mail. Accordingly, appellant was not entitled to the three-day additional time allotted after service by mail. See gen-

erally OCGA § 9-11-6 (e).

OCGA § 9-11-34 (b) (2) pertinently provides that "[t]he party upon whom the request is served *shall* serve a written response within 30 days after the service of the request, except that a defendant may serve a response within 45 days after service of the summons and complaint upon that defendant. . . . The party submitting the request may move for an order under subsection (a) of Code Section 9-11-37 with respect to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested." (Emphasis supplied.) We find that appellant's response to the notice to produce was untimely. OCGA § 9-11-34 (b) (2). However, we need not address whether such an untimely response would result in waiver of the right to object (see generally *Drew v. Hagy*, 134 Ga. App. 852 (216 SE2d 676)) subsequent to the production of any attorney-client privileged or work product documents. Compare the majority and dissenting opinion pertaining to discovery and waiver in *Jones v. Abel*, 209 Ga. App. 889 (434 SE2d 822); see generally OCGA § 9-11-26 (b) (1); see also *Smith v. Nat. Bank &c.*, 182 Ga. App. 55, 57 (2) (354 SE2d 678); *Danger v. Strother*, 171 Ga. App. 607, 608 (1), 609 (2) (320 SE2d 613). As the trial court did not dismiss appellant's complaint due to the untimely response to the notice to produce but issued additional discovery-related orders, resolution of the discovery issue depends upon whether appellant failed to obey such orders to provide or permit discovery, in a manner authorizing the trial court to strike their answers pursuant to OCGA § 9-11-37 (b) (2) (C). See *Hernandez v. State of Ga.*, 200 Ga. App. 368, 369-370 (408 SE2d 160) (whole court).

3. Appellant, relying primarily on *Strejc v. MARTA*, 197 Ga. App. 88 (397 SE2d 501); *Holt v. Brown*, 177 Ga. App. 823 (341 SE2d 486); and *Thornton v. Burson*, 151 Ga. App. 456 (260 SE2d 388), contends it was error for the trial court to dismiss his complaint and pleadings with prejudice in the absence of a showing that he totally failed to respond to appellees' discovery requests or, in the case of partial and evasive discovery answers, in the absence of a previous order requiring him to provide more complete discovery. The cases cited by appellant are distinguishable from the facts currently developed in this appellate record. The record before us contains evidence from which the trial court could conclude appellant was wilfully or consciously circumventing the trial court's order to produce timely the documents in question.

" 'As a general rule, the trial court should attempt to compel compliance with its orders through the imposition of lesser sanctions than dismissal. "(T)he drastic sanctions of dismissal and default cannot be invoked under (OCGA § 9-11-37) except in the most flagrant cases — where the failure is wilful, in bad faith, or in conscious disre-

gard of an order." However, " '(a) very broad discretion is granted judges in applying sanctions against disobedient parties. . . . This applies to the disobeying of an order to produce. Historically, it has been the policy of the Georgia appellate courts to refuse to interfere with a trial court's exercise of its discretion in absence of abuse. This policy is applicable to a trial judge's exercise of the broad discretionary powers authorized under the discovery provisions of the Civil Practice Act.' " ' " (Citations omitted.) *Hernandez*, supra at 369. However, violation of a trial court's discovery order is not self-executing; before the ultimate sanction of dismissal or default judgment can be imposed, "the court must first make a determination, following notice and an opportunity for hearing, that the failure to comply with the order was wilful." Id. at 370. Implicit within the trial court's order of April 5 was the denial of appellant's protective motion. We see no reason why the trial court should have to reorder appellant to produce that which he ordered produced at a given time and place. See also *Joel v. Duet Holdings*, 181 Ga. App. 705 (353 SE2d 548). However, " '[t]here is no requirement that the plaintiff display and the trial court find actual wilfulness. The sanction of dismissal for failure to comply with discovery provisions of the Civil Practice Act requires only a conscious or intentional failure to act, as distinguished from an accidental or involuntary non-compliance. A conscious or intentional failure to act is in fact wilful.' " (Citation omitted.) *Stolle v. State Farm &c. Ins. Co.*, 206 Ga. App. 235, 236 (3) (424 SE2d 807) (whole court); accord *Washington v. South Ga. Med. Center*, 221 Ga. App. 640, 641 (1) (472 SE2d 328).

In this case, at the hearing on the motion for sanctions, the trial court tersely terminated the hearing and denied appellant's request to "make an offer of proof" regarding the matter under consideration. "Sanctions may be imposed only after a motion, notice, and a hearing provided to the party against whom sanctions are sought. 'This means affording (the party against whom sanctions are sought) an opportunity to explain the [relevant] circumstances.' " (Citations omitted.) *Kemira, Inc. v. Amory*, 210 Ga. App. 48, 51 (1) (435 SE2d 236). The trial court committed error harmful to appellant by denying him the opportunity to explain at the hearing. *Schrembs v. Atlanta Classic Cars*, 197 Ga. App. 450 (398 SE2d 712) is distinguishable. Accordingly, the order and judgment of the trial court is vacated and the case remanded to afford appellant a meaningful opportunity to explain. *Kemira, Inc.*, supra. The trial court should enter findings as to the manner in which appellant violated the discovery process, including the means, if any, by which appellant violated discovery orders, and whether such violation either was actually wilful or constituted a conscious failure to act within the meaning of *Stolle*, supra, and *Washington*, supra.

*Judgment vacated and case remanded with direction. Beasley and Blackburn, JJ., concur.*

DECIDED JANUARY 8, 1997.

*Ronald C. Conner, Monica K. Gilroy*, for appellant.
Gulf Contracting, Inc., *pro se*.
P. R. Wood, *pro se*.
Laura A. Wood, *pro se*.