A08A1470. MCFARLAND & MCFARLAND, P.C.
v. HOLTZCLAW et al.
(667 SE2d 874)

MILLER, Judge.

McFarland & McFarland, P.C. ("McFarland"), a law firm, appeals from the trial court's denial of its motion for sanctions against its former clients, Benjamin Ray Holtzclaw and George Ray Holtz-

YALE LAW LIBRARY

claw, for failure to comply with the trial court's order compelling discovery. Discerning no error, we affirm.

"[A] very broad discretion is granted judges in applying sanctions against disobedient parties . . . to assure compliance with the orders of the courts," and we will not interfere with a trial court's exercise of this discretion absent its abuse. (Citations and punctuation omitted.) *Hernandez v. State of Ga.*, 200 Ga. App. 368, 369 (408 SE2d 160) (1991).

Here, the record shows that McFarland sued the Holtzclaws for $3,897.25 in unpaid fees. After the Holtzclaws failed to file an answer, the trial court granted McFarland's motion for a default judgment for the full amount sought plus $414.73 in attorney fees and costs. The Holtzclaws thereafter failed to respond to McFarland's post-judgment interrogatories, and McFarland filed a motion to compel under OCGA § 9-11-37. The trial court granted that motion, ordering the Holtzclaws to respond to the interrogatories within five days and awarding McFarland $200 in attorney fees. When the Holtzclaws still failed to respond, McFarland moved for the entry of sanctions against them for failure to comply with the trial court's order. The trial court scheduled a hearing on the motion for February 14, 2008 and provided the parties with notice of the same.

Because of a scheduling conflict and problems with communicating that conflict to the trial court, counsel for McFarland failed to appear at the scheduled hearing. The trial court entered an order dismissing McFarland's motion for sanctions, noting counsel's failure to appear for the hearing and finding that the Holtzclaws' conduct was not wilful. McFarland now appeals, claiming that the trial court erred in dismissing its motion without a hearing at which it could be present. We disagree and affirm.

Despite McFarland's assertions to the contrary, there is no requirement that a trial court hold a hearing on every motion for discovery sanctions. See OCGA § 9-11-37 (d); *Ryland Group v. Daley*, 245 Ga. App. 496, 501 (5) (537 SE2d 732) (2000). Rather, a trial court is obligated to hold a hearing on a motion for discovery sanctions only where it is contemplating the "imposition of the ultimate sanction of dismissal or default judgment," for a party's wilful failure to comply with the trial court's discovery order. *Hernandez*, supra, 200 Ga. App. at 369-370. In such cases, the court must afford the party against whom the sanctions are sought notice and the opportunity for a hearing, thereby affording that party a chance to demonstrate that its conduct was not wilful. Id. See also *Gen. Motors Corp. v. Conkle*, 226 Ga. App. 34, 42 (1) (a) (486 SE2d 180) (1997) ("Punishment should not be imposed on a party to a civil case for conduct which is ancillary to the merits of the case and which occurs

during the life of the case without a consideration of the nonmovant's defense of its conduct."). These holdings, however, do not support the proposition that one seeking discovery sanctions must be afforded, as a matter of right, a hearing on the issue of whether they are entitled to such sanctions. And McFarland's brief offers no argument, legal or otherwise, as to why we should find the existence of such a right. Accordingly, McFarland's sole claim of error is without merit.

We further note that McFarland cannot prove that it was prejudiced by the trial court's decision to dismiss its motion, rather than to reschedule a second hearing on the same. In its motion for sanctions, McFarland sought an order (i) finding the Holtzclaws in criminal contempt and ordering their incarceration; and (ii) awarding McFarland its attorney fees and expenses in bringing the motion. The trial court, however, found that the Holtzclaws had not responded to the post-judgment interrogatories because they had not received the same. In light of this finding, it does not appear that the trial court would have awarded McFarland the relief it sought. See OCGA § 9-11-37 (d) (1) (A trial court need not award attorney fees and expenses where it finds that a party's failure to comply with a discovery order "was substantially justified.").

For the reasons set forth above, we affirm the trial court's order dismissing McFarland's motion for discovery sanctions.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 23, 2008.

*Robert P. McFarland*, for appellant.
Benjamin R. Holtzclaw, *pro se.*
George R. Holtzclaw, *pro se.*