**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**November 7, 2014**

# In the Court of Appeals of Georgia

A14A1101. NORTH DRUID DEVELOPMENT, LLC, et al. v. POST, BUCKLEY, SCHUH & JERNIGAN, INC.

BRANCH, Judge.

North Druid Development, LLC and North Druid Development II, LLC (collectively "NDD") filed suit in Cobb County Superior Court against the surveying firm of Post, Buckley, Schuh, & Jernigan, Inc. ("Post, Buckley"), asserting a claim for professional negligence. When NDD failed to respond to Post, Buckley's initial discovery requests, the surveying firm moved for the sanction of dismissal with prejudice or, in the alternative, an order compelling discovery. NDD did not file a response to the motion and the trial court thereafter granted Post, Buckley's motion and dismissed the complaint with prejudice. NDD now appeals from the order of dismissal, arguing that the trial court erred when it struck the affidavit of NDD's

former counsel, which was submitted in support of NDD's motion to vacate or set aside the order of dismissal and which was filed on the day the court heard that motion. NDD also asserts that, given the circumstances of this case, the trial court abused its discretion by entering the ultimate sanction of dismissal with prejudice. For reasons explained below, we find that the trial court erred in striking the affidavit of NDD's counsel, thereby refusing to afford NDD an opportunity to be heard on the merits of the sanctions motion before deciding that motion. Accordingly, we vacate the order of dismissal and remand the case for proceedings consistent with this opinion.

The relevant facts are largely undisputed. The record shows that NDD filed its complaint on March 3, 2010, and Post, Buckley filed an answer and counterclaims on April 7. One week later, on April 15, 2010, Post, Buckley served NDD with its first interrogatories and first request for production of documents. Although responses to these discovery requests were due on May 18, the parties agreed to a two-week extension, making NDD's responses due on June 1, 2010. When NDD failed to meet this deadline, counsel for Post, Buckley wrote NDD's attorney asking NDD to comply with the discovery requests and noting that Post, Buckley "would prefer to resolve this situation without resorting to court involvement."

Approximately one month later, on July 16, 2010, Post, Buckley's lawyer sent a second letter to NDD outlining NDD's failure to respond to discovery requests and demanding that such responses be provided no later than July 21. When NDD did not respond to this letter, Post, Buckley filed a motion under OCGA § 9-11-37 (d) asking that NDD's complaint be dismissed with prejudice or, in the alternative, that the court enter an order compelling NDD's discovery responses. After this motion was filed, NDD did respond to Post, Buckley's requests to produce by providing it with a number of documents. NDD, did not, however, file a response to Post, Buckley's motion or request a hearing thereon; provide Post, Buckley with written responses to its discovery requests; or seek an additional extension of time in which to provide those responses.

On September 8, 2010, Post, Buckley's lawyer wrote a letter to the trial court in which it set forth the foregoing facts and characterized NDD's production of documents as "limited" and "grossly inadequate and largely unresponsive."[1] Post, Buckley therefore asked the court to grant its motion and impose the sanction of dismissal, asserting that such a sanction could be imposed without a hearing. It also

---

[1] Counsel for NDD was sent copies of this letter by both facsimile and U. S. mail.

provided the court with a proposed order dismissing NDD's complaint with prejudice. On September 9, 2010, without first issuing an order compelling NDD to comply with Post Buckley's discovery requests and without scheduling a hearing on the sanctions motion, the trial court signed and filed Post, Buckley's proposed order dismissing with prejudice NDD's complaint. Post, Buckley thereafter dismissed its counterclaims without prejudice and the trial court entered a final order of dismissal on September 24, 2010.

On July 18, 2013, almost three years after the entry of final judgment, NDD filed a motion to vacate or, in the alternative, to set aside the dismissal order on the grounds that NDD had never been served with a copy of that order and had therefore been deprived of its right to appeal. The trial court scheduled a hearing on NDD's motion for 9:00 a.m. on October 4, 2013. On the morning of the hearing, NDD filed the affidavit of Eric Lang, the attorney who had represented NDD in filing the complaint and during discovery. Lang's affidavit set forth, among other things, the reasons for NDD's failure to comply fully with Post, Buckley's discovery requests and a general description of the documents that NDD had produced. At the hearing on NDD's motion, the trial court struck Lang's affidavit and refused to consider it, explaining that it would not consider the merits of the sanctions motion, but would

4

instead limit the hearing to the question of whether the order of dismissal should be set aside on procedural grounds.[2] After the hearing, the trial court vacated the September 2010 order of dismissal and reentered the same order dismissing NDD's complaint with prejudice on October 11, 2013. This appeal followed.

1. We first address NDD's contention that the trial court erred in striking the Lang affidavit and refusing to consider the merits of the sanctions motion. With respect to this claim of error, we note that trial courts are afforded broad discretion to control discovery and to impose sanctions for a party's failure to comply with discovery requests, and this Court will not reverse a trial court's ruling on such matters absent an abuse of that discretion.[3] *Freeman v. Foss*, 298 Ga. App. 498, 499

---

[2] On appeal, Post, Buckley contends that the trial court struck the Lang affidavit because it was not timely filed. See OCGA § 9-11-6 (d) ([w]hen a motion is supported by affidavit, the affidavit shall be served with the motion"). See also *Alcatraz Media, LLC v. Yahoo! Inc.*, 290 Ga. App. 882, 884-885 (1) (b) (660 SE2d 797) (2008) ("[t]he requirement of simultaneous filing in OCGA § 9-11-6 (d) is not absolute, and the trial court is authorized to extend the period for filing the movant's affidavits") (citation and punctuation omitted). While there may have been some off-the-record discussion regarding the timeliness of the affidavit, no such discussion appears in the record. Rather, the hearing transcript suggests that at the outset of that hearing, the trial judge struck the Lang affidavit because she was not going to consider the merits of the underlying sanctions motion.

[3] The decision as to whether to strike an affidavit for a party's failure to comply with OCGA § 9-11-6 (d) also rests within the discretion of the trial court. *Hall v. Nelson*, 282 Ga. 441, 442 (2) (651 SE2d 72) (2007). Given that the trial court's stated reason for striking the affidavit was its refusal to consider the merits of the underlying sanctions motion, however, we analyze this claim of error in that context.

(2) (680 SE2d 557) (2009). But a trial court's discretion as to sanctions is not unlimited, especially when the trial court is asked to impose the "drastic sanctions of dismissal and default" under OCGA § 9-11-37 (d).[4] *Porter v. WellStar Health System*, 299 Ga. App. 481, 483 (683 SE2d 35) (2009) (footnotes and punctuation omitted). Because dismissal of a party's pleadings for failure to respond to discovery requests "is an extreme sanction," it is "warranted only where there exists a clear record of delay or contumacious conduct, and a lesser sanction would not better serve the interests of justice." *Serwitz v. Gen. Elec. Credit Corp.*, 174 Ga. App. 747, 749 (2) (331 SE2d 95) (1985) (citation and punctuation omitted). See also *ASAP Healthcare Network. v. Southwest Hosp. & Med. Center*, 270 Ga. App. 76, 77-78 (1) (606 SE2d 98) (2004) ("the immediate sanctions authorized under subsection (d) should be applied only in the most flagrant cases") (punctuation and footnote omitted). Moreover, before a trial court may enter the sanction of dismissal it must find that the offending party has acted wilfully, *Tenet Healthcare Corp. v. Louisiana Forum*

---

[4] Where a party fails to respond to discovery requests, OCGA § 9-11-37 (b), (d) allows a trial court to levy sanctions against that party which curtail the party's ability to present certain evidence or pursue certain claims or defenses. And in cases involving an egregious abuse or disregard of the discovery process, this statute allows the trial court to enter judgment against the offending party. See OCGA § 9-11-37 (d) (1); OCGA § 9-11-37 (b) (2) (A) - (C).

6

*Corp.*, 273 Ga. 206, 211 (3) (538 SE2d 441) (2000), and it therefore must afford "the party against whom sanctions are sought an opportunity to explain the circumstances of the failure to timely respond." *ASAP Healthcare Network*, 270 Ga. App. at 78 (1) (footnote omitted). Accordingly, "a trial court is obligated to hold a hearing on a motion for discovery sanctions . . . where it is contemplating the 'imposition of the ultimate sanction of dismissal or default judgment,' for a party's wilful failure to comply with" discovery requests. *McFarland & McFarland v. Holtzclaw*, 293 Ga. App. 663, 664 (667 SE2d 874) (2008) (citation omitted). As the Georgia Supreme Court has explained:

> what the law contemplates under OCGA § 9–11–37 is a two-step proceeding before the ultimate sanction of dismissal or default judgment may be imposed. First, a motion to compel must be filed and granted; second, after the party seeking sanctions notifies the court and the obstinate party of the latter's failure to comply with the order granting the motion to compel and of the moving party's desire for the imposition of sanctions, the trial court may apply sanctions after giving the obstinate party an opportunity to be heard and determining that the obstinate party's failure to obey was willful.

7

*McConnell v. Wright*, 281 Ga. 868, 869 (644 S.E.2d 111) (2007), quoting *Tenet Healthcare*, 273 Ga. at 211 (3). Neither step of this process occurred in the current case.

First, although Post Buckley's motion requested an order compelling discovery as an alternative to sanctions, the trial court elected to skip the first step of the process and dismissed the case rather than entering an order compelling compliance with Post, Buckley's discovery requests. Second, at Post, Buckley's urging, the trial court granted the sanctions motion without first affording NDD an opportunity to be heard on that motion. In its September 2010 letter to the trial court, Post, Buckley asserted that no hearing was necessary on its motion because NDD had ignored its discovery requests completely and had not responded to or requested a hearing on the sanctions motion. In support of its assertion that no hearing was required, Post, Buckley cited *Schrembs v. Atlanta Classic Cars*, 261 Ga. 182 (402 SE2d 723) (1991), *ASAP Healthcare Network*, 270 Ga. App. 76, and *Johnson v. Wade*, 184 Ga. App. 675 (362 SE2d 469) (1987). None of these cases, however, hold that a trial court may rule on a motion seeking the sanction of dismissal without affording the offending party an opportunity to be heard on that motion. *Schrembs* involved a plaintiff's failure to respond to a single, specific interrogatory. Following a hearing, the trial court granted

8

the defendant's motion to compel and entered an order requiring the plaintiff to respond to the interrogatory. When the plaintiff continued her refusal to respond, the defendant moved for the sanction of dismissal with prejudice and the trial court granted that motion without holding a second hearing. *Schrembs*, 261 Ga. at 182. The Supreme Court of Georgia affirmed the order of dismissal, finding that a hearing on the sanctions motion was not required because the plaintiff had already been afforded the opportunity, at the hearing on the motion to compel, to explain her reasons for not answering the single interrogatory at issue and had offered no justification for her conduct. Id. at 183.[5] As the Supreme Court of Georgia further explained in a later opinion, where a motion seeking the sanction of dismissal is based upon the violation of an order compelling discovery and that order was entered following a hearing on a motion to compel, "the record may already contain enough evidence of the obstinate party's willful behavior to support the conclusion that any hearing on the issue of willfulness would simply be duplicative." *McConnell*, 281 Ga. at 870, citing *Schrembs*, 261 Ga. at 182-183.

---

[5] See also *Vining v. Kimoto USA*, 209 Ga. App. 296, 297 (2) (433 SE2d 342) (1993) (offending party had an opportunity to present legal justification or mitigating circumstances at hearing on motion to compel, so a hearing on the motion for sanctions resulting from a violation of the order compelling discovery was unnecessary).

In *ASAP Healthcare Network*, this Court reiterated the rule that "'[t]he imposition of sanctions under OCGA § 9-11-37 (d) without a motion, notice, and a hearing is reversible error.'" 270 Ga. App. at 77 (1), quoting *Washington v. Harris*, 259 Ga. App. 705, 706 (1) (578 SE2d 286) (2003). And given this rule, we found that the trial court had abused its discretion in granting a motion for the sanction of dismissal without holding a hearing on the motion, even though the offending party had not requested such a hearing. Id. at 78 (1).[6] Finally, in *Johnson*, this Court found that a trial court's order of dismissal with prejudice, entered as a sanction for a plaintiff's failure to respond to discovery, "was without effect" because it was entered

[6] In its September 2010 letter to the trial court, Post, Buckley quoted *ASAP Healthcare Network* to support its assertion that "the Georgia Court of Appeals [has] acknowledged that it would be well within the discretion of the trial court to grant a motion to dismiss pursuant to OCGA § 9-11-37 (d) where, as in this case, 'the plaintiff has completely ignored discovery, has not responded to a properly served motion for sanctions, and has failed to request a hearing on the motion.'" What the court actually said in *ASAP Healthcare Network* was that "[t]he general rule *may* be that . . . a trial court may impose sanctions, including dismissal, against a plaintiff without a hearing when the plaintiff has completely ignored discovery, has not responded to a properly served motion for sanctions, and has failed to request a hearing on the motion." 270 Ga. App. at 78 (1) (emphasis supplied). In contemplating what the "general rule" might be, however, the court cited to no cases supporting that potential rule. More importantly, this language constitutes non-binding dicta. See *Zepp v. Brannen*, 283 Ga. 395, 397 (658 SE2d 567) (2008) (statements in an opinion "concerning some rule of law or legal proposition not necessarily involved nor essential to determination of the case in hand" are nonbinding dicta) (citation and punctuation omitted).

10

one week after the plaintiff filed a voluntary dismissal without prejudice. 184 Ga. App. at 676 (1). Although in its opinion the *Johnson* Court did observe that the motion for sanctions had been decided without a hearing, it never addressed the question of whether the failure to hold a hearing constituted reversible error.

While its brief does not address directly the issue of whether the trial court could grant its sanctions motion without a hearing, Post, Buckley does appear to argue again that such a hearing is not necessary where a party has failed completely to respond to any discovery requests. Post, Buckley contends that under such circumstances, the trial court may infer that the offending party's conduct was willful. But in two of the four cases on which Post, Buckley relies to support its assertion that a trial court may infer willfulness from a party's failure to respond to discovery, the offending party had failed to comply with a court order compelling discovery and had been afforded a hearing on the sanctions motion. See *Gropper v. STO Corp.*, 276 Ga. App. 272 (623 SE2d 175) (2005) (hearing held on the motion for sanctions); *Kemira v. Amory*, 210 Ga. App. 48, 51 (1) (435 SE2d 236) (1993) (trial court held two hearings on the sanctions motion and allowed an officer of the non-complying corporate defendant to "explain the circumstances of [the company's] failure to file timely responses"). In the remaining two cases on which Post, Buckley relies, the trial

11

court entered the sanction of dismissal without first entering a motion to compel. See

*Deep South Constr. v. Slack*, 248 Ga. App. 183 (546 SE2d 302) (2001); *Fisher v. Bd. of Commrs. of Douglas County*, 200 Ga. App. 353, 354 (408 SE2d 120) (1991). But neither *Slack* nor *Fisher* states whether the trial court held a hearing before entering the sanctions order. In the absence of any evidence to the contrary, we must presume that the trial courts in those cases followed the law and provided the nonmovant with an opportunity to be heard. See *Hall v. Nelson*, 282 Ga. 441, 442 (2) (651 SE2d 72) (2007) ("in the absence of any contrary showing, it must be presumed that the trial court followed the law"). Thus, none of the cases on which Post, Buckley relies support the proposition that a court may infer wilfulness from a party's failure to respond to discovery requests without affording the offending party an opportunity to explain its conduct.

Moreover, even assuming that a party's complete failure to respond to discovery could negate the offending party's right to be heard on a sanctions motion, it does not appear that such a complete failure occurred in this case. The record shows that NDD did produce a number of documents in response to Post, Buckley's discovery requests, although it did so after the sanctions motion was filed. Indeed, Post Buckley acknowledged this production in its September 2010 letter to the trial

12

court asking that its motion be granted and the complaint dismissed. Given Post, Buckley's acknowledgment that NDD had engaged in the discovery process to some extent, the trial court could not circumvent the hearing requirement by relying on Post, Buckley's unilateral assertions that NDD's production was "limited" and "grossly inadequate and largely unresponsive." See *American Radiosurgery v. Rakes*, 325 Ga. App. 161, 168 (2) (751 SE2d 898) (2013) (a trial court "may not impose the sanction of dismissal without a hearing where the [offending] party has responded to discovery, albeit in a most tardy manner") (punctuation omitted), quoting *ASAP Healthcare*, 270 Ga. App. at 79 (1). Thus, in the absence of a hearing on Post, Buckley's motion, the trial court had no basis for concluding that NDD had failed completely to respond to discovery.

In light of the foregoing, the court below abused its discretion when it struck the Lang affidavit and refused to afford NDD an opportunity to explain the circumstances of its failure to respond fully to Post, Buckley's discovery requests. See *Taylor v. Marshall*, 321 Ga. App. 752, 753 (743 SE2d 444) (2013) (trial court abused its discretion by granting motion to strike parties' complaint under OCGA § 9-11-37 (d) without first conducting a hearing to determine that the discovery violations were wilful); *Loftin v. Gulf Contracting Co.*, 224 Ga. App. 210, 215 (3)

13

(480 SE2d 604) (1997) (trial court abused its discretion when, at hearing on sanctions motion, it refused to allow the offending party to explain the reasons for his failure to comply with discovery). Accordingly, we vacate the order dismissing NDD's complaint with prejudice and remand this case for proceedings consistent with this opinion, including a hearing on the merits of Post, Buckley's motion for sanctions or, in the alternative, for an order compelling discovery. See *Barrego v. OHM Remediation Svcs. Corp.*, 245 Ga. App. 389, 390 (2) (537 SE2d 774) (2000).

2. In light of our holding in Division 1, we need not address NDD's remaining claim of error.

*Judgment vacated and case remanded. Barnes, P. J., and Boggs, J., concur*.

1

ON MOTION FOR RECONSIDERATION
December 16, 2014

A14A1101. NORTH DRUID DEVELOPMENT, LLC, et al. v.
POST, BUCKLEY, SCHUH & JERNIGAN, INC.

Post, Buckley has moved for reconsideration, arguing that this Court

ignored relevant law interpreting OCGA § 9-11-60 (g) when we held that the trial

court erred in striking the affidavit of appellants' former attorney, Eric Lang.[1]

_____

[1] In its MFR, Post Buckley also argues that we exceeded our jurisdiction in addressing the trial court's failure to hold a hearing on the sanctions motion, as NDD did not specifically enumerate as error the lack of a hearing. See *Bryant v. BMC of Georgia*, 188 Ga. App. 124, 125 (372 SE2d 280) (1988) ("[t]his court has no jurisdiction to consider grounds which are not enumerated as error according to OCGA § 5-6-40") (citations and punctuation omitted). We find no merit in this argument.

NDD enumerated two errors, one of which was that the trial court erred in striking the Lang affidavit. In support of that enumeration, NDD noted that in opposing NDD's motion to vacate the order of dismissal, Post, Buckley had "focused primarily on the merits of the underlying discovery dispute giving rise to the vacated order" and that NDD had therefore "filed and served the initial Affidavit of Eric Lang to address, among other things, issues concerning the merits of the underlying discovery issue." NDD further argued that "[w]hile [NDD] contend[s] that the trial court improperly struck any part of the Lang Affidavit, there is no basis for striking that portion of the Lang Affidavit, specifically including ¶ 8 and its subparagraphs, responding to the underlying discovery issues raised by [Post, Buckley] in its brief" opposing the motion to vacate the order of dismissal. Thus, in support of its assertion that the trial court erred in striking the Lang affidavit, NDD argued that it was entitled

OCGA § 9-11-60 (g)[2] allows a court to set aside a previously entered judgment, after the term in which the judgment was entered, where such action is necessary to correct a clerical error, including the failure to serve a party with a copy of the judgment. In *Cambron v. Canal Ins. Co.,* 246 Ga. 147 (269 SE2d 426) (1980), the Georgia Supreme Court held that where the losing party is not served with a copy of the judgment then, to preserve his right of appeal, he may move under OCGA § 9-11-60 (g) to have the judgment set aside. "[U]pon a finding that notice was not provided as required . . . , the motion to set aside may be granted, the judgment re-entered, and the thirty-day period within which the losing party

_____

to be heard on the underlying sanctions motion. Under Georgia law, we were obligated to address that argument. See *Felix v. State*, 271 Ga. 534, 539 (523 SE2d 1) (1999) (noting that an error is by definition a specific ruling of the trial court and holding that an appellate court is obligated to address all legal arguments made in support of an enumerated error, even if each specific legal argument was not set forth as a separate enumeration). See also *Biederbeck v. Marbut*, 294 Ga. App. 799, 800-801 (2) (670 SE2d 483) (2008) ("appellate courts have 'a statutory duty to discern what errors an appellant is attempting to articulate' based on 'the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing'"), quoting *Felix*, 294 Ga. at 538; *Strickland v. State*, 165 Ga. App. 197, 199 (2) (300 SE2d 537) (1983) (even where an appeal is not "as artfully drawn as might be desired," this Court has a "duty to consider what it perceives to be the substance of the enumerations").

[2] That statute provides: "(g) *Clerical mistakes.* Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders."

3

must appeal will begin to run from the date of the re-entry." 246 Ga. at 149 (1). Following the decision in *Cambron*, a panel of this Court held that the procedure outlined in *Cambron* may be used only to preserve a party's right of appeal, explaining that "[n]othing in *Cambron* allows the court to set aside [a] judgment [entered in a previous term of court] and then proceed as if no judgment had ever been entered." *Vangoosen v. Bohannon,* 236 Ga. App. 361, 362 (1) (511 SE2d 925) (1999). Relying on these cases, Post, Buckley argues that the trial court was precluded from considering the merits of the sanctions motion and therefore could not have erred in striking the Lang affidavit.

Post, Buckley's MFR, however, fails to acknowledge the decision in *Carnes Bros. v. Cox*, 243 Ga. App. 863, 864 (534 SE2d 547) (2000) (physical precedent only). In *Carnes Bros.*, a panel of this Court held that where the order at issue was an order of dismissal entered as a sanction for a discovery violation, then after setting aside and re-entering the original order the trial court could vacate the order of dismissal. As *Carnes* explained:

> Just as this procedure commences a new 30-day period during which a party may appeal the reentered order, it likewise restarts the period during which a party may pursue any remedies it may have in the trial court. Thus, the reentry of the dismissal order placed it once again "within the breast of the court." See *Cambron,* 246 Ga. at 148-149 (269 SE2d 426); *Piggly Wiggly Southern v. McCook,* 216 Ga.

4

App. 335, 337 (1) (454 SE2d 203) (1995). The trial court's decision immediately thereafter to vacate the dismissal order was made within the term of court in which the dismissal order was reentered, and not outside the term of court [and] the trial court had the inherent power during the same term of court in which the order was reentered to reverse, correct, revoke, modify or vacate it in the exercise of its discretion. [*Piggly Wiggly Southern,* 216 Ga. App. at 337.] We will not reverse a trial court's decision to vacate its order of dismissal absent a clear abuse of discretion. See *T.J. Brooklyne, Inc. v. Sullivan 75, L.P.*, 239 Ga.App. 588, 589(1), 521 S.E.2d 644 (1999). . . . The trial court's decision to vacate the dismissal and to substitute a less severe sanction, though generous under the circumstances, was within the sound exercise of its discretion.

243 Ga. App. at 864.

*Carnes Bros.* may be in conflict with *Cambron* and/or *Vangoosen.* Whether such a conflict exists, however, is not an issue we need to decide in this case. Assuming arguendo that *Cambron* prohibited the trial court from considering the merits of the sanctions motion in conjunction with NDD's motion to vacate or set aside the order of dismissal, that fact would not change the outcome of this appeal.

Although a trial court has broad discretion to impose sanctions for a party's failure to comply with discovery requests, an abuse of that discretion occurs where the trial court fails to follow the law. See *Mathis v. BellSouth Telecommunications*, 301 Ga. App. 881, 881 (690 SE2d 210) (2010). The trial

5

court therefore abused its discretion and committed legal error when it granted the sanction of dismissal without affording NDD an opportunity to be heard on the sanctions motion. Thus, even if *Cambron* precluded the trial court from considering the Lang affidavit, we would still be required to vacate the dismissal order and remand the case for a hearing on the sanctions motion. Accordingly, the motion for reconsideration is denied. See Court of Appeals Rule 37 (e) ( "[a] reconsideration will be granted on motion of the requesting party, only when it appears that the Court overlooked . . . a statute or a decision which is controlling as authority and which would require a different judgment from that rendered, . . . .")