**THIRD DIVISION**
**DOYLE, P. J.,**
**HODGES and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**January 31, 2025**

# In the Court of Appeals of Georgia

A24A1307.  WRIGHT-HERMAN  et  al  v.  FRESH  START
CONSTRUCTION & MANAGEMENT, INC. et al.

WATKINS, Judge.

Robyn Wright-Herman and Sheilah[1] Wright[2] (collectively "Appellants") sued

Fresh Start Construction & Management, Inc., and its owner Rayburn Womack

(collectively "Fresh Start") concerning work performed by Fresh Start on a house

jointly owned by Appellants.[3] Fresh Start asserted counterclaims against Appellants.

---

[1] Sheilah Wright's name is spelled as "Sheilah" in the record and "Sheila" in Appellants' brief. The order on appeal utilized the spelling "Sheilah," so we adopt that spelling for purposes of this opinion.

[2] Given the similarity of the Appellants' last names, we will refer to them by their first names when speaking of them individually.

[3] Appellants also sued Winfred Allen Cartwright and C2MG, LLC d/b/a W.A. Cartwright Construction. The case was temporarily stayed due to Mr. Cartwright's then-pending personal bankruptcy action. The trial court permitted Appellants to

Appellants failed to timely respond to discovery, even after the trial court granted a motion to compel ordering them to respond.

As a result, the trial court sanctioned Appellants by dismissing their complaint and finding them in default as to liability on the counterclaims. Following an evidentiary hearing, the trial court entered a final judgment for damages against Appellants. Appellants timely appealed. We hold that the trial court did not abuse its discretion in sanctioning Appellants for their discovery abuse, but the trial court erred in granting judgment and awarding damages against Sheilah. We therefore vacate the trial court's order with instructions to impose no damages against Sheilah as a result of the default, and to reconsider the damages awarded against Robyn.

"Trial judges have broad discretion in controlling discovery, including imposition of sanctions, and appellate courts will not reverse a trial court's decision on such matters unless there has been a clear abuse of discretion."[4]

---

dismiss their claims against Mr. Cartwright individually so that the case could proceed.

[4] (Citation omitted.) *Fidelity Enterprises, Inc. v. Heyman & Sizemore*, 206 Ga. App. 602 (1) (426 SE2d 177) (1992).

The record shows that Appellants filed suit against Fresh Start, which Robyn hired to repair Appellants' home after a house fire. Appellants claimed that Fresh Start misrepresented Womack's license status, allowed subcontractors to remove Appellants' undamaged property, and performed substandard work. Appellants brought claims for breach of contract, negligence, damage to real property, slander of title, and intentional or negligent misrepresentation. Fresh Start responded with an answer and asserted the following counterclaims: breach of contract, "deceit,"[5] and defamation against Robyn, and "quantum meruit/unjust enrichment" against both Appellants. Fresh Start also sought to recover punitive damages and attorney fees against both Appellants.

On May 5, 2022, Fresh Start served interrogatories and requests for production of documents on Appellants. No response was timely received,[6] and Fresh Start's

---

[5] The factual and legal basis for this claim is unclear and seemed to evolve from a claim that Robyn attempted to bypass the contract with Fresh Start and hire Cartwright and/or his company directly, to a claim that Appellants were "deceitful in that they listed and sold their home for a substantial profit while ignoring a lien that was placed on the property."

[6] "The party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories[.]" OCGA § 9-11-33 (a) (2).

counsel followed up with Appellants' counsel by letter and e-mail on June 17, 2022, informing Appellants that Fresh Start would file a motion to compel if responses were not received within five days. When no responses were received, Fresh Start filed a motion to compel on June 24, 2022. Appellants did not respond to the motion. On August 8, 2022, the trial court granted Fresh Start's motion and ordered Appellants to fully respond to the discovery within 20 days.

Appellants did not comply with the trial court's order, and on August 30, 2022, Fresh Start moved for contempt and sanctions pursuant to OCGA § 9-11-37. Fresh Start sought the striking of Appellants' complaint, entry of default judgment on the counterclaims, and attorney fees. Finally, on September 27, 2022 — 145 days after discovery was served on them — Appellants responded to discovery, but included boilerplate objections even though the right to object had been waived by the tardiness of the response.[7]

Fresh Start supplemented its motion for contempt and sanctions, acknowledging that the Appellants had responded, but stating that the responses were incomplete and did not excuse the violation of the trial court's order. Appellants

---

[7] See e.g., *Smith v. Nat. Bank of Ga.*, 182 Ga. App. 55, 57 (2) (354 SE2d 678) (1987).

acknowledged that an award of attorney fees may be appropriate, but objected to the imposition of harsher sanctions, stating without evidentiary support that Robyn's health had declined. The trial court held a hearing on the motion for contempt and sanctions for which Appellants' counsel appeared, but for which neither Appellant appeared to explain the delayed responses. The trial court granted the motion, finding that Appellants had willfully failed to comply with the trial court's order compelling discovery. The trial court dismissed Appellants' complaint in its entirety with prejudice, found Appellants in default as to liability on the counterclaims, and ordered Appellants to pay nearly $11,000 in attorney fees within 30 days.

The trial court subsequently held an evidentiary hearing to establish damages at which counsel for Appellants and Fresh Start appeared. Womack testified, but despite being ordered to do so, neither Appellant appeared or testified, and Appellants offered no witnesses to rebut Womack's testimony. During this hearing, Fresh Start announced that it was electing to pursue its breach of contract claim instead of its alternative "quantum meruit/unjust enrichment" claim. The trial court entered

judgment and awarded damages against Appellants jointly and severally on all remaining claims.[8] Appellants timely appealed.

1. Appellants contend the trial court erred in entering harsher sanctions than required, especially because they had responded to discovery prior to entry of the order. We find no clear abuse of discretion.

Georgia law provides that

[i]f a party . . . fails to obey an order to provide or permit discovery, . . . the court in which the action is pending may make such orders in regard to the failure as are just and, among others, the following: . . . An order striking out pleadings or parts thereof, . . . or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party[.][9]

Given that Appellants totally failed to respond to discovery in a timely manner, the trial court did not need to enter an order compelling responses before sanctioning

---

[8] On the same day the trial court entered another order finding Appellants in contempt for failure to pay the attorney fees previously awarded to Fresh Start. The order increased the fee award to reflect the additional fees incurred between the original order and this order. Appellants raise no claim of error with regard to this order, and thus we do not consider it.

[9] OCGA § 9-11-37 (b) (2) (C).

Appellants,[10] though it did so anyway. Appellants ignored the trial court's order and did not respond to discovery until Fresh Start moved for harsh sanctions; however, "once a motion for sanctions for failure to make discovery has been filed, the opposing party may not preclude their imposition by making a belated response."[11]

"[B]efore a trial court may enter the sanction of dismissal it must find that the offending party has acted wilfully, and it therefore must afford the party against whom sanctions are sought an opportunity to explain the circumstances of the failure to timely respond."[12] Here, the trial court held a hearing which provided Appellants with such an opportunity, but neither Appellant attended the hearing or proffered any evidence explaining their misconduct.[13]

---

[10] See *Greenbriar Homes, Inc. v. Builders Ins.*, 273 Ga. App. 344, 346-347 (4) (615 SE2d 191) (2005).

[11] (Citation omitted.) *Id.* at 346 (2).

[12] (Citations and punctuation omitted.) *North Druid Dev., LLC v. Post, Buckley, Schuh & Jernigan, Inc.*, 330 Ga. App. 432, 435 (1) (767 SE2d 29) (2014).

[13] Although Appellants' counsel referenced the alleged personal hardships of Appellants, the record contains no evidence of such hardships, nor does it reflect that either Appellant sought accommodation to permit appearance telephonically or via video-conference in light of any hardships.

> While the sanction[s of dismissal and default] should only be applied where there is a showing that the disobedient party willfully violated the trial court's order, this finding of willfulness does not require bad faith or malice on the non-compliant party's part, instead it requires only a conscious or intentional failure to act, as distinguished from an accidental or involuntary non-compliance.[14]

Faced with a total lack of evidence explaining Appellants' conduct, the trial court did not abuse its broad discretion in finding Appellants' conduct to be willful, and in imposing the sanctions of dismissal and default.[15]

2. Appellants next argue that the trial court erred in granting judgment against Sheilah because Fresh Start waived its "quantum meruit/unjust enrichment" claim. We agree.

The only counterclaims pled against Sheilah were "quantum meruit/unjust enrichment[,]" punitive damages, and attorney fees pursuant to OCGA § 13-6-11.

> Under OCGA § 9–11–55 (a), the effect of a default judgment is judgment to the plaintiff [in counterclaim] as if every item and paragraph of the

---

[14] (Citation and punctuation omitted.) *Brighter Capital Management, LLC v. BCF-EF, LLC*, 373 Ga. App. 20, 30 (2) (907 SE2d 317) (2024).

[15] See id. ("Given the evidence before it, the trial court was authorized to conclude that [the individual appellant] acted willfully in failing to provide responses to the requests for production, as the trial court directed in its February order.").

complaint or other original pleading were supported by proper evidence. We have interpreted this provision to mean that the default operates to admit only the well-pled factual allegations of the [counterclaim] and the fair inferences and conclusions of fact to be drawn from those allegations. It is axiomatic that a default does not result in the admission of allegations that are not well-pled or that are the result of forced inferences. [The effect of a default judgment is] an admission of the facts alleged in the [counterclaim], but not of the conclusions of law contained therein. . . . A default simply does not require blind acceptance of a plaintiff[ in counterclaim's] erroneous conclusions of law. Nor does a default preclude a defendant [in counterclaim] from showing that under the facts as deemed admitted, no claim existed which would allow the plaintiff [in counterclaim] to recover.[16]

"We construe the language of the pleading according to its literal meaning and giving its words their usual and ordinary significance. Liberal construction of a pleading does not encompass the imputation or engrafting to a claim of a meaning not reasonably deductible or inferable from the explicit language of the pleading."[17]

Here, the answer and counterclaim clearly asserted only three counterclaims against Sheilah. At the damages hearing, Fresh Start explicitly waived its "quantum

---

[16] (Citations, punctuation, and emphasis omitted.) *EnduraCare Therapy Mgmt., Inc. v. Drake*, 298 Ga. App. 809, 811 (1) (681 SE2d 168) (2009).

[17] (Citation and punctuation omitted.) Id. at 814-815 (1).

meruit/unjust enrichment" claim. Although Fresh Start argues that its election of remedy should be interpreted to apply solely to its claims against Robyn, Fresh Start made no such distinction at the hearing. Further, in the final judgment — which was drafted by Fresh Start's counsel — the trial court awarded no damages for the "quantum meruit/unjust enrichment" claim. As to the breach of contract claim, Fresh Start concedes in its brief that no such claim was brought against Sheilah and that she should not be liable on that basis.

Fresh Start invites this Court to hold that additional tort causes of action were asserted against Sheilah through the testimony provided at the damages hearing, arguing that the counterclaim was amended to conform to the evidence presented so as to assert claims for defamation and "deceit."[18] This argument misunderstands the procedural posture of the case at the time of the damages hearing. The purpose of the damages hearing was not to establish liability, as that had already been done by way of the default judgment. Indeed, the only remaining question for resolution following entry of the default judgment was the amount of damages to be awarded on the

---

[18] As noted above, we recognize that a default does not preclude a party from arguing that the facts deemed admitted do not assert a claim on which the other party could recover. Nonetheless, Appellants raise no such argument with regard to Fresh Start's "deceit" claim, and thus we do not analyze it here.

counterclaims properly established by way of the default.[19] Sheilah was not in default as to claims that were not asserted against her in the counterclaim.

Given that Fresh Start abandoned the "quantum meruit/unjust enrichment" claim, the trial court erred in awarding damages against Sheilah on the derivative punitive damage and OCGA § 13-6-11 attorney fee claims.[20]

3. Lastly, Appellants contend that the evidence of damages presented by Fresh Start was too speculative to support the award. In light of our holding in Division 2, the damages award against Robyn must be vacated and reconsidered.

---

[19] See e.g. *Zhong v. PNC Bank, N.A.*, 345 Ga. App. 135, 136 (812 SE2d 514) (2018) ("[Defendant] is not entitled to summary judgment because the well-pled allegations of [plaintiff's] complaint — as to which [defendant] defaulted — have established its liability and there exist genuine issues of material fact *on the amount of damages, which is the only question remaining for resolution.*") (emphasis supplied).

[20] See, e.g., *Woodstone Townhouses, LLC v. Southern Fiber Worx, LLC*, 358 Ga. App. 516, 539 (6) (b) (855 SE2d 719) (2021) ("Because [the] counterclaims fail, the [ ] derivative claim[ ] for attorney fees also fail[s]."); *Endura Care*, 298 Ga. App. at 814 (1) ("[T]he punitive damages claim fails because a plaintiff cannot recover punitive damages when the underlying tort claim fails.") (citations and punctuation omitted). We note that an identical award of attorney fees was made against both Appellants as a contempt sanction for not timely paying the attorney fees awarded at the time default judgment was entered. We make no holding about the propriety of that award as Appellants raised no claim of error regarding that fee sanction.

As mentioned previously, the trial court found Robyn and Sheilah jointly and severally liable for all claims. We cannot determine what role the improper consideration of Sheilah's conduct may have played in quantifying the damages awarded. Accordingly, we vacate the damages awarded against Robyn with instruction that the trial court reconsider the award without considering the conduct of Sheilah.[21]

*Judgment vacated and case remanded with instruction. Doyle, P. J., and Hodges, J., concur.*

---

[21] See e. g. *Sherritt v. SB Paulding Commons, LLC*, 370 Ga. App. 532, 538 (4) (898 SE2d 244) (2024) (vacating and remanding for recalculation an attorney fee award that was calculated in part using unrecoverable damages).