**SECOND DIVISION**
**MARKLE, J.,**
**LAND and DAVIS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**February 3, 2025**

# In the Court of Appeals of Georgia

A24A1408. BENTON v. TILLERY.

MARKLE, Judge.

In this action arising from an automobile accident, Bradley Benton appeals from the trial court's grant of Ronnie Tillery's motion to dismiss for failure to respond to discovery requests, pursuant to OCGA § 9-11-37 (d). On appeal, Benton contends the trial court erred by imposing too harsh a sanction, and by failing to provide him with an opportunity to be heard. For the reasons that follow, we reverse the trial court's judgment, and remand the case for further proceedings consistent with this opinion.

At the outset, we note that rulings on motions to strike and for entry of default judgment are reviewed by this Court using an abuse of discretion standard. Indeed, a trial judge has broad discretion in the enforcement of the discovery provisions of the Civil Practice Act, and we will not interfere with the exercise of that discretion absent clear abuse.

(Citations and punctuation omitted.) *Cameron v. Miles*, 311 Ga. App. 753, 754 (1) (716 SE2d 831) (2011).

So viewed, the pleadings show that the parties were involved in an automobile collision in March 2022. Benton filed the subject negligence action five months later.[1] In April 2023, Tillery served interrogatories and requests for production on Benton. In November 2023, Tillery filed his motion to dismiss or, in the alternative, motion to compel, asserting that Benton had failed to provide any discovery responses. Attached to the motion was an e-mail from Tillery's counsel to Benton's counsel requesting the discovery responses, and a subsequent letter demanding the responses in compliance with Uniform Superior Court Rule 6.4 (B). Benton did not respond to the motion, and the trial court granted the motion and dismissed the case, pursuant to OCGA § 9-11-37 (d), without a hearing. This appeal followed.

In related enumerations of error, Benton contends that the trial court abused its discretion by imposing too harsh a sanction, and by failing to hold a hearing prior

---

[1] Tillery failed to promptly notify his insurer that he had been served, and, consequently, was in default. Thereafter, the parties filed a joint motion to set aside default, which the trial court granted.

to dismissing his complaint. We agree that Benton was entitled to a hearing in this instance, and the trial court thus abused its discretion.

OCGA § 9-11-37 (d) (1) provides, in pertinent part: "If a party . . . fails to serve answers or objections to [properly-served] interrogatories . . . , the court in which the action is pending on motion may make such orders in regard to the failure as are just; and, among others, it may take any action authorized under subparagraphs (b)(2)(A) through (b)(2)(C) of this Code section." OCGA § 9-11-37 (b) (2) (C) authorizes a trial court to dismiss an action as a sanction for a party's discovery violations.

As we have explained, "an order compelling discovery is not a condition precedent for the imposition of sanctions under subsection (d). All that is required is a motion, notice, *and a hearing.*" (Citations and punctuation omitted; emphasis supplied.) *Parfenova v. Hedington Square Homeowners' Assn.*, 372 Ga. App. 539, 541 (905 SE2d 193) (2024). Moreover, our Supreme Court has "cautioned against the use of these harsher sanctions except in extreme cases, and [has] held that the trial court must find wilfulness as a predicate to imposing the sanctions." (Citations and punctuation omitted.) *McConnell v. Wright*, 281 Ga. 868, 869 (644 SE2d 111) (2007); see also *North Druid Dev. v. Post, Buckley, Schuh & Jernigan*, 330 Ga. App. 432, 435

(1) (767 SE2d 29) (2014) ("Because dismissal of a party's pleadings for failure to respond to discovery requests is an extreme sanction, it is warranted only where there exists a clear record of delay or contumacious conduct, and a lesser sanction would not better serve the interests of justice.") (citations and punctuation omitted).

Here, Benton was entitled to a hearing on the issue of wilfulness.[2] Notably, he contends that he was not served with the discovery requests. And, as in *McConnell*, there is nothing on the face of the record to show that his failure to respond to the discovery requests was, indeed, wilful. See 281 Ga. at 870 ("No motion to compel was filed against the McConnells, no hearing of any type was held, and the record would support (though not demand) a finding that the McConnells' failure to attend their depositions resulted from negligence rather than wilfulness.") (citation and punctuation omitted); see also *Parfenova*, 372 Ga. App. at 541-542 (trial court abused its discretion in striking Parfenova's pleadings as a discovery sanction where "there was no hearing on either of the . . . motions for sanctions and there is nothing in the

---

[2] We have recognized that there are extraordinary cases where a trial court would not be required to conduct a hearing on the issue of wilfulness. "Such a requirement serves no purpose where the trial court can otherwise determine willfulness on the part of the party against whom the sanctions are sought." (Citation omitted.) *Parfenova v. Hedington Square Homeowners' Assn.*, 372 Ga. App. 539, 541 (905 SE2d 193) (2024).

record before us that demands a finding that Parfenova's failure to appear at her second deposition was willful."); compare *Portman v. Zipperer*, 350 Ga. App. 180, 183 (1) (827 SE2d 76 (2019) (trial court did not abuse its discretion by dismissing complaint as a discovery sanction without a hearing where there was evidence plaintiff wilfully and intentionally failed to attend his properly-noticed deposition). Accordingly, because the trial court did not afford Benton an opportunity to be heard, we reverse the dismissal of his complaint, and remand for a hearing on the issue of wilfulness.[3] See *Parfenova*, 372 Ga. App. at 542.

*Judgment reversed, and case remanded with direction. Land and Davis, JJ., concur.*

---

[3] Although Tillery relies on *Bells Ferry Landing v. Wirtz*, 188 Ga. App. 344 (373 SE2d 50) (1988), to bolster his argument that dismissal was warranted here, that opinion does not address the issue of a sanctioned party's entitlement to a hearing. Nevertheless, it appears that the trial court, there, "consider[ed] arguments of counsel." Id. Tillery also relies on language in *ASAP Healthcare Network v. Southwest Hospital & Medical Center*, 270 Ga. App. 76, 78 (1) (606 SE2d 98) (2004), that "[t]he general rule *may* be that . . . a trial court may impose sanctions, including dismissal, against a plaintiff without a hearing when the plaintiff has completely ignored discovery, has not responded to a properly served motion for sanctions, and has failed to request a hearing on the motion." (Emphasis supplied.) However, we have already distinguished this language as non-binding dicta, and noted that there was no authority cited in support of this potential rule. *North Druid Dev.*, 330 Ga. App. at 437 (1), n. 6.