**FIRST DIVISION**
**BROWN, C. J.,**
**BARNES, P. J., and WATKINS, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 30, 2025**

# In the Court of Appeals of Georgia

A25A0757. REALTY PROFESSIONALS, INC. v. DE LA VALETTE;

A25A0758. DE LA VALETTE v. REALTY PROFESSIONALS, INC.

BARNES, Presiding Judge.

At issue in these companion appeals is a cancelled real estate transaction and a claim for brokerage fees asserted by Realty Professionals, Inc ("RPI") against the prospective purchaser, Ofelia de Valette. In Case A25A0757, RPI challenges the trial court's denial of its motion for summary judgment as to its entitlement to brokerage fees from Valette after she unilaterally terminated a purchase agreement for the property, and concurrent grant of summary judgment to Valette. Valette cross-appeals in Case No. A25A0758, and contends that the trial court erred in vacating and re-entering the summary judgment order after RPI, in a motion to set aside the judgment,

claimed that it had not received a copy of the order and was not aware of the ruling until after its appellate rights had expired. Because the trial court did not apply the proper legal standard for granting the motion to set aside the judgment, we vacate the judgment and remand for further action consistent with this opinion.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). "On appeal from the grant or denial of a motion for summary judgment, we review the evidence de novo, and all reasonable conclusions and inferences drawn from the evidence are construed in the light most favorable to the nonmovant." *McCaskill v Carillo*, 263 Ga. App. 890, 890 (589 SE2d 582) (2003)." And "[o]n cross-motions for summary judgment, each party must show there is no genuine issue of material fact and that each, respectively, is entitled to summary judgment as a matter of law; either party, to prevail by summary judgment, must bear its burden of proof." *Heiskell v. Roberts*, 342 Ga. App. 109, 112 (2) (a) (802 SE2d 385) (2017) (citations and punctuation omitted) .

So viewed, the record shows that commencing on June 16, 2022, RPI, through its agent Tommy Sands, entered into an "Exclusive Seller Brokerage Engagement

Agreement" (hereinafter "broker's agreement") with Kenneth Knight to sell Knight's Brookhaven home. Per the broker's agreement, Knight agreed to pay RPI a commission of six percent of the sales price of the home at closing.

Valette was interested in purchasing a smaller home, but needed to first sell her home. She enlisted Nancy Keenan to assist in her search as her listing and buyer's agent. Valette informed Keenan that any purchase had to be contingent on her first selling her home, and Keenan advised her to get pre-qualified, find a home and put a bid on it, and then list her home for sale. Valette averred that she was verbally pre-qualified for a $700,000 to $800,000 mortgage loan, contingent upon the sale of her home. During discovery, she learned that a preapproval letter was submitted with her offer, but did not include that approval was contingent upon the sale of her home. The preapproval letter dated April 7, 2022, included that Valette was pre-approved for a 30-year fixed conventional loan for a "TBD" property in Sandy Springs with a purchase price of $1,000,000.00. It also included that preapproval was not a guarantee of financing and was conditioned upon "re-verification of [Valette's] financial condition and credit worthiness upon final underwriter review."

Valette became interested in Knight's home, and Keenan advised her to make a competitive bid over the $795,000 list price because of other offers on the home. She submitted a bid for $810,000 and agreed to close within four weeks. According to Sands, there were three offers including Valette's offer, and Knight had selected Valette's offer, although there was another offer for the same purchase price but "not as much down and not maybe as quick a closing." Vallette averred that she was not aware the preapproval letter was submitted with the bid.

On June 19, 2022, Valette entered into a Purchase and Sale Agreement (hereinafter "PSA") with Knight for $810,000, and Vallette paid $10,000 in earnest money. They were scheduled to close in approximately one month on July 22, 2022. During that same time, Valette listed her home for $745,000, and she received one offer lower than the listed price, and another offer for the listed price, but the potential buyer could not close by July 22. On July 14, 2022, Valette executed a unilateral termination of the PSA and disbursement of the earnest money to Knight.

On August 29, 2022, RPI filed the underlying complaint for damages associated with Valette's alleged breach of the PSA. RPI asserted that per the terms of the PSA, because of Valette's unilateral breach of the PSA she was required, as the defaulting

party, to pay RPI the commission it would have received had the transaction closed. That commission, RPI alleged, would have totaled $48,600, which represented the property's sale price of $810,000 times 6 percent.

In its subsequently filed motion for summary judgment, RPI asserted that Valette was in breach of the PSA and bound by what she signed, and consequently it was entitled to the commission it would have been paid pursuant to the PSA and broker's agreement. Valette also filed a motion for summary judgment in which she asserted that the termination of the PSA nullified RPI's claim for damages and that the liquidated provision in the PSA was an unenforceable penalty. On April 29, 2024, the trial court entered an order granting Valette's motion for summary judgment and denying RPI's motion. The trial court found that "[a]s the right to [RPI's] commission was extinguished when the underlying contract was terminated by the parties, the court finds that summary judgment is appropriately awarded to [Valette]. Alternatively, the Court finds that [RPI's] failure to mitigate its damages effectively reduc[ed] the amount of damages that could be sought from [Valette]."

On June 26, 2024, RPI filed a motion to set aside judgment, in which it alleged that it had not received the final order granting summary judgment, and thus was

precluded from seeking a timely appeal of the order. Valette opposed the motion, but on October 4, 2024, the trial court entered an revised order granting Valette's motion for summary judgment and, in a footnote, granting RPI's motion to set aside. It is from the re-entered motion that RPI and Valette appeal.

Case No. A25A0758

Consistent with this Court's duty to inquire into its jurisdiction, we must first consider the cross-appeal, as Valette disputes this Court's jurisdiction over the appeal in A25A0757 and contends that the trial court erroneously granted RPI's motion to set aside the first order granting summary judgment. According to Valette, RPI's failure to exercise diligence caused it to miss the appeal period because the record establishes that the April 29, 2024 summary judgment order was sent and there was no failure of the electronic filing system. Consequently, Valette asserts, the appeal in A25A0757 should be dismissed because the trial court was not authorized to reset RPI's appeal clock from an erroneously re-entered order, and thus RPI's notice of appeal filed from the second summary judgment order was untimely.

"The proper and timely filing of the notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court." *Smith v. McTaggart*, 343 Ga. App.

6

144, 145 (806 SE2d 229) (2017) (citation and punctuation omitted). "In the absence of a timely filed notice of appeal, this Court is without jurisdiction to consider the merits of the case, and the appeal in [the] case must be dismissed." *Parker v. Robinson*, 337 Ga. App. 362, 364 (1) (787 SE2d 317) (2016) (citation and punctuation omitted).

Generally, a motion to set aside is not one of the motions listed in OCGA § 5-6-38 (a) that automatically extends the time for filing a notice of appeal. However, "OCGA § 9–11–60 (g) allows a court to set aside a previously entered judgment, after the term in which the judgment was entered, where such action is necessary to correct a clerical error, including the failure to serve a party with a copy of the judgment." *North Druid Dev. v. Post, Buckley, Schuh & Jernigan,* 330 Ga. App. 432, 440 (767 SE2d 29) (2014) (footnote omitted) (on motion for reconsideration). "A trial court's decision regarding a motion to set aside a judgment will not be reversed absent a showing of manifest abuse of discretion. And a trial court's ruling on a motion to set aside a judgment will be affirmed if there is any evidence to support it." *Smith v. Parks Hotels & Resorts*, 364 Ga. App. 192, 196 (874 SE2d 383) (2022) (citations and punctuation omitted).

Valette contends on appeal that the trial court committed plain legal error in applying the test in OCGA § 9-11-5 (f) (5) rather than the test set forth in Ga. Unif. Super. Ct. Rule 36.16 (E) to its analysis of whether the April 29 final order should be set aside. OCGA § 9-11-5 (f) (5) provides that, "[i]f electronic service of a pleading is made upon a person to be served, and such person certifies to the court under oath that he or she did not receive such pleading, it shall be presumed that such pleading was not received unless the serving party disputes the assertion of nonservice, in which case the court shall decide the issue of service of such pleading." Rule 36.16 (E) provides, in part, that "[u]pon filing, an electronically filed document is deemed served on all parties and counsel."

In its motion to set aside, RPI argued that the April 29 final order should be set aside pursuant to OCGA § 9-11-60 (g) for the alleged clerical mistake of failing to provide RPI with notice of the final order and pursuant to OCGA § 9-11-60 (d) for alleged factual mistakes in the final order. In support of its motion to set aside, RPI's attorney averred that his firm had "problems with File & ServeXpress (the 'Xpress System')" and that it was "widely known that Fulton County has continued to have

severe problems with their systems ever since they were recently hacked by a third party." The attorney further averred that "through no fault of his own" he did not receive the final order when was entered on April 29, 2024 either electronically or otherwise, and was not made aware of the order until June 19, 2024 "after the time for appeal had run."

According to the attorney, even after becoming aware of the final order, he was unable to access the order through the system. The attorney averred that he had notified the trial court's law clerk about a problem with the system because of trouble with a prior order, and that he had instructed the Fulton County Clerk's Office to update his email address and remove an older email address from the system. He noted that he has no problem receiving electronic filings from the alternative electronic system, Odyssey.

In response, the office manager for Valette's attorney averred that "on April 29, 2024, this office received an Order from the Court granting [Valette's] Motion for Summary Judgment and denying [RPI's] cross-motion. ... The Order was filed and served on this office via the e-file service 'File & ServeExpress.'" He further averred that the order was posted on April 29, 2024 on the public portal, Odyssey Portal.

9

Attached to the affidavit was a report from the ServeExpress system showing that the order at issue was entered on April 29, 2024 and the recipients of the documents, which included Valette's attorney. Also attached was an email chain between the trial court's law clerk and the parties' attorneys, including an email sent on April 24, 2024 notifying them that "a [final] Order may be released any day now."

The trial court's re-entered order was entered on October 4, 2024. As to the ruling on the motion to set aside the judgment, the trial court held, "As [RPI] contends that it did not receive the prior Order and was unaware of the ruling until after appellate rights had expired, it was requested in [RPI's] Motion to Set Aside Judgment that the Court vacate and re-enter the ruling. The entry of this Order accordingly grants [RPI's] motion to this extent. See generally OCGA § 9-11-5 (f) (5)." (Emphasis omitted.) The trial court also made revisions to the order to correct what RPI had asserted in its motion to set aside were factual mistakes subject to OCGA § 9-11-60 (d).

> [W]here the losing party is not served with a copy of the judgment then, to preserve his right of appeal, he may move under OCGA § 9–11–60 (g) to have the judgment set aside. Upon a finding that notice was not provided as required, the motion to set aside may be granted, the

> judgment re-entered, and the thirty-day period within which the losing party must appeal will begin to run from the date of the re-entry.

*North Druid Dev.,* 330 Ga. App. at 440 (citation and punctuation omitted); *Young Const. v. Old Hickory House #3*, 210 Ga. App. 559, 561 (2) (b) (436 SE2d 581) (1993) ("Under the Civil Practice Act, a judgment cannot be set aside, based upon OCGA § 9-11-60 (d), unless the grounds relied upon are unmixed with the negligence or fault of the movant.")

OCGA § 15-6-21 (c) provides that "it shall be the duty of the judge to file his or her decision with the clerk of the court in which the cases are pending and to notify the attorney or attorneys of the losing party of his or her decision." And "[u]pon filing, an electronically filed document is deemed served on all parties and counsel." Rule 36.16. (E). In considering the motion to set aside, "the trial court must first make a finding regarding whether the duty imposed by OCGA § 15-6-21 (c) was met." Id. at 895 (citations and punctuation omitted). "Although OCGA § 15-6-21 refers to notice for decisions made on motions, its logic also applies to final judgments. In the instant case, the issue is not whether [RPI] had knowledge that the final judgment was entered, but rather whether the duty imposed on the trial court in OCGA § 15-6-21

(c) was carried out." *Williams v. Medinger*, 349 Ga. App. 807, 810 (3) (824 SE2d 800) (2019). See also *Wright v. Young*, 297 Ga. 683, 684, n. 3 (777 SE2d 475) (2015) (same) "OCGA § 15-6-21 (c) only requires that the trial court give notice to the losing party. If the trial court has in fact given notice, then a motion to set aside may be properly denied whether or not the losing party actually received the notice." Id at 684 n. 3.

Here, pretermitting whether RPI did not in fact receive the final order when it was entered on April 29, 2024, and had no knowledge that it had been entered until almost two months later, in setting aside the April 29 order, the trial court improperly applied the test in OCGA § 9-11-5 (f) (5) which creates a presumption relating to pleadings, rather than to trial court judgments. RPI has not cited to any authority, and we have found none, where Georgia courts have applied this provision to situations in which a party claims that it did not receive a trial court's order as support for a motion to set aside. See *North Druid Dev.,* 330 Ga. App. at 440 (noting that OCGA § 9–11–60 (g) allows a court to set aside a previously entered judgment in the event the trial court failed to "serve a party with a copy of the judgment").

To summarize, the trial court must first determine that it failed to meet its obligation to provide notice under OCGA § 15-6-21 (c) with regard to the April 29

final order before granting or denying RPI's motion to set aside. Irrespective of whether RPI had knowledge that the final order had been entered, if the trial court finds that it fulfilled its duty pursuant to OCGA § 15-6-21 (c), then the judgment cannot be set aside. "If the court finds that [RPI] received no notice of the entry of the [April 29, 2024 order], then the motion to set aside must be granted and that order re-entered." *Pierce*, 289 Ga. at 895 (2). See *Williams*, 349 Ga. App. at 811 (3) (affirming the motion to set aside "[b]ecause the trial court found that it failed to meet its notice requirements under with OCGA § 15-6-21 (c) with regard to the final judgment, [and thus] it was authorized to grant Williams's motion to set aside and re-enter the final judgment.").

Accordingly, we vacate the re-entered order and remand the case for the trial court to apply the proper test in the review of RPI's motion to set aside.

### Case No. A25A0757

Because we have vacated the re-entered order and remanded the case for further action, we have no jurisdiction to consider the merits of the re-entered order

which is the basis of this appeal. Thus, this appeal is dismissed as moot.

*Judgment vacated and case remanded in Case No. A25A0758. Appeal dismissed in Case No. A25A0757. Brown, C. J., and Watkins, J., concur.*